## UPTON *v.* McLaughlin.

1. Section 5057 of the Revised Statutes (*infra*, p 642) does not, in the cases therein mentioned, declare that the court, wherein the suit is brought more than two years after the cause of action accrued, shall not have jurisdiction thereof. It is merely a statute of limitations, and, as such, should be construed and enforced.

2. If, in a suit by an assignee in bankruptcy, it does not appear that the defendant raised in some appropriate form, in the court of original jurisdiction, the question as to the application of the statute of limitations, he is precluded from so doing in the appellate court

3. The Code of Civil Procedure of the Territory of Wyoming is not in conflict with this ruling.

ERROR to the Supreme Court of the Territory of Wyoming. The facts are fully stated in the opinion of the court.

*Mr. Homer Cook* for the plaintiff in error.

*Mr. William R. Steele* for the defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This suit was brought in the District Court of the First Judicial District of the Territory of Wyoming, in and for Laramie County, by the assignee in bankruptcy of the Great Western Insurance Company, to recover from Daniel McLaughlin the sum of $800, with interest at twelve per cent, from the fifteenth day of August, 1872, as the amount due and unpaid on a subscription for ten shares of the capital stock of the company, owned by McLaughlin. The company was a corporation of the State of Illinois. In February, 1872, it was adjudicated a bankrupt by the District Court of the United States for the Northern District of Illinois, and on the 11th of April, 1872, the plaintiff was appointed its assignee, and an assignment of all its property was executed to him. On the 5th of July, 1872, the bankruptcy court made an order that the entire amount unpaid of the capital stock of the company be paid to him on or before the 15th of August, 1872, at his office in Chicago, and that, in default thereof, he proceed to collect the same. The amount claimed in this suit is eighty per cent on $1,000, being on ten shares of $100 each. The suit was commenced by a petition filed April 8, 1876. McLaughlin put in an answer consisting of four several defences. The fourth defence set up, as a cause of action against the company, and as a set-off to the claim on which the suit was brought, that the company, before it was adjudged bankrupt, was indebted to him on a balance due upon an account, in a specified sum, which was still due, and for which sum he prayed judgment against the plaintiff. The plaintiff demurred, by one demurrer, to the second, third, and fourth defences. The District Court overruled the demurrer as to the second and third defences, and sustained it as to the fourth defence. To such ruling against the defendant he excepted. The case was tried by a jury, and a verdict rendered for the plaintiff, assessing his damages at $1,008. Thereupon a judgment was entered that the assignee recover from McLaughlin $1,008, and the costs of the action. McLaughlin, by a petition in error to the Supreme Court of the Territory, alleging thirty-two several errors made by the District Court, prayed for a reversal of the judgment. The Supreme Court en-

tered a judgment that the judgment of the District Court must be reversed and held for.naught. and then stating, that "the court, further proceeding to render such judgment as the said District Court ought to have rendered, find that said court had no jurisdiction of said cause," and that it should have rendered judgment in favor of McLaughlin and against the assignee, and that judgment be rendered in favor of McLaughlin and against the assignee, and that McLaughlin recover from the assignee $59.25 costs, and that such judgment be remanded to the District Court for execution, and that a special mandate be sent to said court therefor. The assignee has brought the case into this court by a writ of error to the Supreme Court of the Territory of Wyoming.

The grounds on which the court proceeded in holding that the District Court had no jurisdiction, and in reversing the judgment of that court, are shown by its opinion, which is found in the record. The opinion proceeds upon the view that, because of the provisions of sect. 5057 of the Revised Statutes of the United States, the District Court had no jurisdiction of the suit. That section is as follows: "No suit, either at law or in equity, shall be maintainable in any court, between an assignee in bankruptcy and a person claiming an adverse interest, touching any property, or rights of property transferable to or vested in such assignee, unless brought within two years from the time when the cause of action accrued for or against such assignee. And this provision shall not in any case revive a right of action barred at the time when an assignee is appointed." The view taken in the opinion is, that this statute is not a statute merely limiting the remedy, but imposes an absolute limit; that, after two years, the assignee can neither sue nor be sued, but his office, for the purpose of commencing any suit, must be regarded as having expired; that no court has power to admit him to a status within the court; and that such want of power is want of jurisdiction. The opinion delivered by Mr. Justice Miller in *Bailey* v. *Glover* (21 Wall. 342), is cited and interpreted as holding that the statute (then sect. 2 of the act of March 2, 1867, c. 176, 14 Stat. 518) is an absolute jurisdictional limitation, and thus, as an adjudication of the question, furnishing the rule which governs this case. This

is an entire misconception of that decision. It established the contrary proposition. It was a suit in equity, in which the assignee, more than three years after the date of his appointment, filed a bill against three relatives of the bankrupt, to set aside conveyances made to them by the bankrupt of all his estate in fraud of his creditors. It alleged that the bankrupt and the defendants kept secret their fraudulent acts, whereby the assignee and the creditors were prevented from obtaining any sufficient knowledge or information thereof until within two years before the filing of the bill. The defendants demurred to the bill, on the ground that the suit was not brought within two years from the appointment of the assignee. The demurrer was sustained by the Circuit Court. The plaintiff appealed to this court. The report of the case shows that the defendants contended here that the case was not one of an ordinary statute of limitation, but that the statute was imperative and admitted of no exceptions as to any tribunal. If such contention had been regarded as correct, the decision of the Circuit Court would necessarily have been affirmed. But this court held that the statute in question was a statute of limitation, and one of such a character as not to set up an absolute bar of two years from the mere lapse of that time, but to require the application to it of the principle that where there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of the fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such a character as to conceal itself, the statute' does not begin to run until the fraud is discovered by, or becomes known to, the party suing or those in privity with him. On this view this court reversed the decree below. This was a plain decision that the statute in question does not impose an absolute limit of two years after the appointment of the assignee, in respect to transactions which occurred before such appointment, and that there is no want of power in the court to entertain a suit after such two years have elapsed. This view was recognized and applied in *Gifford* v. *Helms* (98 U. S. 248), although there it was held that, on the facts, the assignee's right of action commenced at the time of his appointment. It is, therefore, clear that no support for the decision

below is to be drawn from *Bailey* v. *Glover.* The question is not to be treated as one of power or jurisdiction, but as one dependent on the principles applicable to statutes of limitation generally.

This being so, the record shows that no question as to the application of the statute to the case was raised in the District Court of the Territory by the defendant, either in pleading or on the trial, or before judgment. It is too late for a defendant who does not take, prior to a judgment against him, the point that the action is barred by a statute of limitation, to raise the point for the first time in an appellate court. This principle is always applied to questions which are not questions of jurisdiction. *Storm* v. *United States,* 94 U. S. 76, 81.

It is, however, contended by the defendant that the question of the bar by the statute was presented in the Supreme Court of the Territory, by the record from the District Court, because the petition did not state facts sufficient to constitute a cause of action, and could have been demurred to for that cause. Sect. 85 of the Code of Civil Procedure of the Territory provides that the defendant may demur to the petition when it appears upon its face either that the court has no jurisdiction, or that the petition does not state facts sufficient to constitute a cause of action. Sect. 87 provides that the objection to the jurisdiction of the court, and the objection that the petition does not state the facts sufficient to constitute a cause of action, shall not be deemed to be waived by not taking them by either demurrer or answer. It is contended that a petition which shows upon its face that the cause of action is barred by a statute of limitation, is a petition which does not state facts sufficient to constitute a cause of action; and that that objection, though not taken by demurrer or answer, may be taken at any time. But we are of opinion that the statutory provisions referred to cannot properly be construed as allowing the defence of a bar by a statute of limitation to be raised for the first time in an appellate court, even though the petition might have been demurred to as showing on its face that the cause of action is so barred, and thus as not stating facts sufficient to constitute a cause of action.

The petition in this case sets out facts which show that the

cause of action sued on accrued to the assignee more than two years before the bringing of the suit. Assuming the suit to be such a suit as is mentioned in sect. 5057, it is held by the Supreme Court of Wyoming, in *Bonnifield* v. *Price* (1 Wy. 172), that the rule is well established in that Territory, that where from the face of the petition it is apparent, without any further showing, that the claim is barred by a statute of limitation, a defendant may take advantage of such bar by a special demurrer to the petition. The same rule prevails in Ohio, *Sturges* v. *Burton* (8 Ohio St. 215) ; *McKinney* v. *McKinney* (id. 423) ; in Kansas, *Zane* v. *Zane* (5 Kan. 134) ; and in Nebraska, *Peters* v. *Dunnells*, 5 Neb. 460. The rule is founded on the view that in such a case the petition does not state facts sufficient to constitute a cause of action. But if, in the court of original jurisdiction, the defence of a statute of limitation is not raised by either demurrer or answer, and is not brought to the attention of the court which tries the cause, by some objection taken in a proper manner, before judgment, it cannot, under sect. 87 of the Code of Wyoming, be raised for the first time in an appellate court. The effect of that section is only to permit the defendant to make the objection after demurrer or answer, and before judgment. Under such a statutory provision it has been held that at the trial, and even after the evidence is all in, the objection may first be made, *Coffin* v. *Reynolds* (37 N. Y. 640) ; *Zane* v. *Zane* (5 Kan. 134) ; and that it may be made by stating it distinctly as a ground of objection to the introduction of evidence. *Zane* v. *Zane, ubi supra*. But unless it appeared by the record which was before the Supreme Court of Wyoming in this case, that the objection had been taken in some proper manner in the District Court, the Supreme Court could not notice it. That court has power (Code, sect. 513) to reverse a judgment of the District Court for errors appearing on the record, and the petition in error (sect. 514) must set forth the errors complained of. Neither in the bill of exceptions, nor in the twenty-eight errors specified in the motion for a new trial in the District Court, nor in the thirty-two errors specified in the petition in error, is there any allusion to the statute of limitation.

The defendant contends that as the District Court sustained

the demurrer to the fourth defence in the answer, and the defendant excepted to the ruling, the question as to whether the petition was sufficient as a pleading was thereby brought up, because the District Court ought to have given judgment against the party which committed the first fault in pleading. But we are of opinion that the record must show that the question as to whether it appeared by the petition that the action was barred by the statute was distinctly presented to and raised before the District Court. This does not appear, as before stated.

The defendant also contends that various objections and exceptions taken by him to the admission of evidence, and to instructions to the jury, and various grounds of error stated in the motion for a new trial, raised the question referred to. It is sufficient to say that the objections to the admission of evidence merely state that the evidence is incompetent, immaterial, and irrelevant, without suggesting the question of the statute of limitation; and that the exceptions to the instructions to the jury and the grounds of error set forth in the motion for a new trial make no allusion to that question, nor is there any allusion to it in the record sent from the District Court. Under such circumstances the question cannot be raised in the appellate court. *Mays* v. *Fritton*, 20 Wall. 414, and cases there cited; *Beaver* v. *Taylor*, 93 U. S. 46; *Wheeler* v. *Sedgwick*, 94 id. 1.

Because the Supreme Court of Wyoming held that the District Court had no jurisdiction of this suit, it did not examine any of the questions raised by the defendant in the bill of exceptions taken by him. As it improperly reversed the judgment of the District Court, its judgment must be reversed; and as it passed on no other question but the jurisdiction of the District Court, the case must, under the provisions of sects. 701 and 702 of the Revised Statutes, be remanded to it, with directions to hear and determine the questions raised by the petition in error, and to take such further proceedings as may be in conformity with law and not inconsistent with the opinion of this court; and it is

*So ordered.*

Note. — *Upton* v. *Kent,* error to the Supreme Court of the Territory of Wyoming, was submitted at the same time as the preceding case, and was argued by

the same counsel for the plaintiff in error, and by *Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson* for the defendant in error.

MR. JUSTICE BLATCHFORD, in delivering the opinion of the court, remarked that the facts and the questions raised were essentially the same in both cases. The same judgment was entered in this case as in *Upton* v. *McLaughlin*.