Lewis BOLLER and Alice Nicholas,
Appellants (Third–Party
Plaintiffs),

v.

WESTERN LAW ASSOCIATES, P.C.,
John T. Pappas, L.M. Chipley, H. Cody
Runyan, and Gregg A. Parish, Appel-
lees (Cross–Defendants and Third Par-
ty Defendants).

v.

John L. VIDAKOVICH, Appellee
(Defendant).

No. 90–84.

Supreme Court of Wyoming.

April 3, 1992.

Rehearing Denied April 28, 1992.

Philip Nicholas of Nicholas Law Office,
Laramie, and John M. Burman of Corthell
and King, Laramie, for appellants.

J. Kenneth Barbe of Brown & Drew,
Casper, for appellees L.M. Chipley and
Gregg A. Parish.

Patrick J. Murphy of Williams, Porter,
Day & Neville, Casper, for appellees West-
ern Law Associates and John T. Pappas.

Gerald R. Mason of Gerald R. Mason,
P.C., Pinedale, for appellee H. Cody Run-
yan.

Before THOMAS, CARDINE and
MACY, JJ., and RAPER and ROONEY, JJ.
(Retired).

ROONEY, Justice, Retired.

This appeal is from an order granting
appellees' W.R.C.P. 12(b)(6) motion [1] to dis-
miss appellants' third-party complaints for

---

1. W.R.C.P. 12 provides in pertinent part:

"(b) *How presented.*—Every defense, in law or fact, to a claim for relief in any pleading, wheth-er a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted, * * *."

failure to state a claim upon which relief could be granted. The claims contained in the original and amended complaints against appellants have been settled and are not involved in this appeal.

We affirm.

Although the appeal is predicated on issues relative to presentation of elements of negligence in the third-party complaints sufficient to withstand the motion to dismiss, we need not address such issues since we agree with appellee Runyan's contention that appellants' third-party claims are barred by the statute of limitations.

Appellants were two of the directors of the Yellowstone State Bank. The Bank was closed November 1, 1985, and the Federal Deposit Insurance Corporation was appointed receiver of the bank for the purpose of liquidating its assets. In the process of doing so, it filed suit against the directors of the bank alleging that the failure of the bank was caused by specified actions and inactions of the directors contrary to their duties with reference to approving loan transactions.

Appellants responded in separate third-party complaints against appellees that, among other things, their actions or inactions were a result of negligence on the part of appellees consisting of appellees' failure to furnish proper legal advice and guidance to appellants.

Wyo. Stat. § 1-3-107 (1988) provides in pertinent part:

"(a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:

"(i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

"(A) Not reasonably discoverable within a two (2) year period; or

"(B) That the claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence."

Appellee Runyan appropriately argues:

"The First Amended Complaint reveals that the 20 specific loans upon which losses were taken and which in turn resulted in the cause of action against appellants occurred between February 28, 1983 and August 21, 1985. It stands to reason, then, that any act, error or omission which caused the making of one of those loans would have occurred before August 21, 1985. Two years from that date would have been August 21, 1987. Another date that the Court might consider, which date is undisputed, is that the bank was closed on November 1, 1985, two years from that date, of course, being November 1, 1987. The Third Party Complaints were filed on August 14, 1989. Without any questions or even dispute, more than two years elapsed after any alleged act, error or omission which generated any of those loan losses."

In their third-party complaints, appellants recite that they "recently discovered the negligent conduct," subject of the claim against appellees, and they now contend that the exceptions contained in Wyo.Stat. § 1-3-107 prevent the running of the statute of limitations. The fact of "discovery" is not determinative for this purpose. The question is whether or not the acts, errors or omissions constituting negligence by appellants were "reasonably discoverable within a two (2) year period" and whether or not "due diligence" was exercised by appellants to discover the acts, errors or omissions within the two year period.

■ "Wyoming is a 'discovery' state, which means that the statute of limitations is not triggered until the plaintiff knows *or has reason to know* the existence of the cause of action." *Mills v. Garlow*, 768 P.2d 554, 555 (Wyo.1989) (emphasis added).

■ When the bank was closed on November 1, 1985, "due diligence" on the part of appellants would certainly require a determination as to the reason for the closure, and if appellees' negligence was a contributing reason for the closure, as ap-

pellants now contend, the claim against appellees would mature at that time. If the closure was a result of appellees' negligence, as now contended by appellants, such was definitely "reasonably discoverable" at the time of the closure or within a few months thereafter. Appellants had reason to know of the existence of their potential claim for relief against appellees when the bank was closed.

Appellants also argue that the statute of limitations issue should not be considered on appeal inasmuch as it was not presented to the district court. We consider this argument together with a procedural issue (not argued by appellants) relative to whether or not a statute of limitations defense can be considered under a W.R.C.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

W.R.C.P. 8 provides in pertinent part:
"(c) *Affirmative defenses.*—In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * *."

■ However, we have long held that if the defense appears on the face of the complaint, the complaint is subject to a demurrer. *Bonnifield v. Price*, 1 Wyo. 172 (1874); *Cowhick v. Shingle*, 5 Wyo. 87, 37 P. 689 (1894); *Columbia Savings & Loan Ass'n v. Clause*, 13 Wyo. 166, 78 P. 708 (1904); *Union Stockyards National Bank of South Omaha, Neb. v. Maika*, 16 Wyo. 141, 92 P. 619 (1907); *Horse Creek Conservation District v. Lincoln Land Company*, 54 Wyo. 320, 92 P.2d 572 (1939). *See also Upton v. McLaughlin*, 105 U.S. 640, 26 L.Ed. 1197 (1881). The obvious reason for so holding is that a complaint which, on

its face, is out of time cannot logically state a claim for which relief would be proper.

The same reason exists when the complaint is challenged by the demurrer's successor, a motion to dismiss for failure to state a claim upon which relief can be granted, i.e., by a W.R.C.P. 12(b)(6) motion.

"In a number of jurisdictions where motion practice has been adopted and a motion to dismiss the complaint takes the place of a demurrer raising the issue of no cause of action, the courts have adopted the rule that if on the facts stated in the complaint, the action would be barred by limitations, the complaint may be dismissed on motion. It has also been held that the total effect of the various provisions of the Federal Rules of Civil Procedure, and similar state rules of practice, is to permit the defense of limitations to be raised by a motion to dismiss, where it appears from the complaint that the action is barred."

51 Am.Jur.2d *Limitation of Actions* § 468 (1970).

■ The answers, counterclaims, cross claims and initial third-party claims separately filed by appellant Boller and appellant Nicholas reflect on their faces that the third-party claims are barred by the two-year statute of limitations. They recite the closure of the bank on November 1, 1985. They were not filed until August 19, 1989.

The cross claims list several instances in which appellees are alleged to have negligently furnished, or failed to furnish legal advice and guidance to appellants. The failure of the bank gave appellants "reason to know" that the alleged negligence existed at that time with reference to those instances,[2] thereby precluding application

---

**2.** With reference to such instances, each appellant alleged as follows in their separate third-party complaints.

"Examples of that are: negligent advice and direction in setting up the bank operations, providing the format and pattern for future bank activities, e.g., negligence in the taking, transcription, preparation, approval, authentication and preservation of minutes of director's meetings and committee meetings, wherein the minutes are seldom, if ever, complete, usually reported in two or three paragraphs on a single page to describe long meet-

ings which covered dozens of topics that are not mentioned in the minutes. The minutes of several meetings were often accumulated, then circulated among the directors for signatures. Signatures were added ritualistically with little opportunity for reading or examining and correcting them. Counsel failed to advise the bank and the directors that the directors had serious responsibility in respect to the minutes. Another example is the advice given the bank and the directors that things which occurred in the board room were so confidential and secret, that no lists

of the exceptions contained in Wyo.Stat. § 1–3–107. Since the face of the third-party complaints reflected the closure of the bank, which gave reason for appellants to inquire into and know of the existence of the alleged instances of negligence and which alleged negligence could have been discovered shortly thereafter through the exercise of due diligence, the claims in such third-party complaints are barred by the two-year statute of limitations.

In this case, there is an additional practical reason for applying the statute of limitations under a W.R.C.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, and for addressing the issue on appeal although it was not presented to the district court.

In this appeal, appellants contend: (1) that their pleadings set forth a claim sufficient to withstand a motion to dismiss, and (2) in any event, they should have been afforded an opportunity to amend their pleadings. In either case, appellees would have to file an answer. The answer would then affirmatively set forth the statute of limitations defense. In all likelihood, the resulting district court's ruling in favor of appellees would be appealed to this court. Judicial economy dictates addressing the statute of limitations issue at this time rather than after the removal and second appeal. This is not to say that we would agree or disagree with either party on the other issues presented in this appeal.

■ Finally, we recognize that the statute of limitations is applicable only when affirmative relief is sought. In this case,

the application of the statute is to third-party claims. Thus, it is necessary to determine the objective of such claims.

"The purpose of limitation provisions is to bar actions and not suppress or deny matters of defense, and the general rule is that limitations are not applicable to defenses but apply only where affirmative relief is sought."

*Hawkeye–Security Insurance Co. v. Apodaca,* 524 P.2d 874, 879 (Wyo.1974).

The rule that limitation statutes are not applicable to defenses, but apply

"only in the case of strict defenses, and, in the absence of statute, does not apply to cases of set off or counterclaim. * * *

\*      \*      \*      \*      \*      \*

"In the absence of a statute to the contrary, a demand pleaded by way of a setoff, counterclaim, or cross claim is regarded as an affirmative action in most jurisdictions and therefore, unlike a matter of pure defense, is subject to the operation of the statute of limitations, and is unavailable if barred."

51 Am.Jur.2d *Limitation of Actions* §§ 76 through 78 (1970).

Appellants' third-party complaints specifically request affirmative relief. Among other things, appellant Boller alleges:

"As a further result, this plaintiff has suffered and is suffering emotional distress, mental disturbance, disruption of his life and social, personal and business affairs, loss of time, loss of income, loss of earnings, loss of personal and self

---

or schedules, or copies of minutes, or notes made by board members during meetings should be removed from the board room by a director, rather, had to be left in the board room and gathered up by the secretary. That type of negligently delivered advice, and direction, became the pattern, the practice, the standard of procedure. Erroneous legal advice reaffirming the correctness of such practices and procedures was restated and reaffirmed at each meeting thereafter when an attorney was in attendance; if not expressly in so many words, expressly by the presence of one or more members of the law firm who observed and countenanced the re-performance of the same practices and procedures, as if that were entirely correct and the inviolable

order of things. The commission of the same type of negligent conduct, and casual repeat thereof, occurred regarding the signing and adoption of minutes as if such were only ceremonial. Such negligence involved active, misleading advice and direction, and also negligent omission. The defendant legal professionals held themselves out as competent to set up, guide and direct the legal aspects of the bank and its operations, including advising and guiding the directors in their functions, affecting a competence in banking affairs which they did not have, or if they had, they failed to exercise and utilize it. The defendants were not competent in the field but negligently held themselves out to be so."

esteem, loss of standing in the community, impairment of ability to perform his other tasks in life, and loss of enjoyment of life; all to his damage in a sum as great as fifty times over the accrued attorneys fees and costs today, which personal and general damage is on-going and increasing, and is very likely to increase at a much faster rate than will the actual damages for costs and expenses and attorneys fees; all of which will continue to occur and increase for as long as this litigation against him continues; for all of which he demands damages in such sum as shall be proved at the trial. Plaintiff also demands his costs herein and such other relief as is just."

And, among other things, appellant Nicholas alleges the foregoing in the same words as does appellant Boller, except that she also alleges "loss of consortium" and she alleges the present damage to be "a sum as great as ten times over the accrued attorneys' fees and costs today," rather than "fifty times over the accrued attorneys' fees and costs today" as alleged by appellant Boller. Appellant Boller alleges expenses and attorney's fees reasonably incurred in his defense to be "about $25,-000, not including several items of expense for which statements have not been received," whereas appellant Nicholas alleges the amount expended therefor as of August 3, 1989 to be "$102,520.90, not including several items of expense for which statements have not been received."

Accordingly, the statute of limitations operates to bar appellants' claims against appellees.

Affirmed.

THOMAS, J., files a dissenting opinion in which MACY, J., joins.

THOMAS, Justice, dissenting, with whom MACY, Justice, joins.

I cannot agree with the disposition of this case on the basis of a conclusion that the claim was barred by the statute of limitations. The invocation of the protection of the statute of limitations is an affirmative defense that should be raised by the pleadings. That did not occur in this

case, nor was the issue even considered in the trial court where the case was dismissed for failure to state a claim. The majority disposition is erroneous. I would hold that the complaint adequately states a claim and remand the case to the trial court for further proceedings.

I initially note that, despite the claim made in the majority opinion justifying this disposition on the basis of "judicial economy," we should not disregard our long-standing rule that forbids the consideration of issues that are raised for the first time on appeal. Acceptance of the argument concerning the statute of limitations, followed by deciding the case on that basis, is directly contrary to precedent that has served this court and the interests of justice in an exemplary fashion for many years. *See Squaw Mountain Cattle Co. v. Bowen*, 804 P.2d 1292 (Wyo.1991); *Epple v. Clark*, 804 P.2d 678 (Wyo.1991); *Esponda v. Esponda*, 796 P.2d 799 (Wyo.1990); *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, 664 P.2d 121 (Wyo.1983); *Roush v. Roush*, 589 P.2d 841 (Wyo.1979); *Thickman v. Schunk*, 391 P.2d 939 (Wyo.1964); *Gore v. John*, 61 Wyo. 246, 157 P.2d 552 (1945); *Ideal Bakery v. Schryver*, 43 Wyo. 108, 299 P. 284 (1931).

My second concern is that, even though the majority relies upon the proposition that " 'Wyoming is a "discovery state" which means that the statute of limitations is not triggered until the plaintiff knows *or has reason to know* the existence of the cause of action,' " the quoted concept in the context of this record is erroneous. Op. at 1185, quoting *Mills v. Garlow*, 768 P.2d 554, 555 (Wyo.1989). The majority theorizes that the facts demonstrating the elements of this principle have been sufficiently established to avoid any possible tolling of the applicable statute of limitations. The majority argues, on behalf of the appellees, that since the bank was closed on November 1, 1985 and, through the exercise of " 'due diligence' " any negligence on the part of the appellees would have been " 'reasonably discoverable' at the time of the closure or within a few months thereafter." Op. at 1185.

This conclusion depends upon a degree of omniscience that this court heretofore has been denied. It assumes a knowledge of facts that were never addressed in the pleadings. Neither this court nor the trial court, other than by conjecture and assumption, has any real capacity to ascertain whether "the plaintiff knows or has reason to know the existence of the cause of action." *Mills*, 768 P.2d at 555. The simple recognition of the date of the closing of the bank as compared with the date of the filing of the complaint does not suffice to cure this omission. For that reason, applying our usual concepts regarding motions made under Wyo.R.Civ.P. 12(b)(6), the court should not seriously entertain a dismissal on the basis of a violation of the statute of limitations at this time. *See Mummery v. Polk*, 770 P.2d 241 (Wyo.1989); *Champion Well Service, Inc. v. NL Industries*, 769 P.2d 382 (Wyo.1989).

Any such order can be sustained only when it is clear on the face of the complaint that the plaintiff is not entitled to relief. *Paravecchio v. Memorial Hospital of Laramie County*, 742 P.2d 1276 (Wyo.1987), *cert. denied* 485 U.S. 915, 108 S.Ct. 1088, 99 L.Ed.2d 249 (1988). *Cf. In re Sullivan's Estate*, 506 P.2d 813 (Wyo.1973) (dismissal under Rule 12(b)(6) is appropriate when statute of limitations itself is reflected on face of complaint). In this instance, the claims that the majority speculates were barred by the statute of limitations were raised in the separate answers of Boller and Nicholas as defendants. They were presented as counterclaims, cross-claims, and third-party claims in the answers and amendments thereto. The allegations include the fact that the third-party plaintiff "recently discovered the negligent conduct"; the fact that the negligent conduct commenced at the time the bank opened and continued "even after the bank was closed"; and that "None of the claims in this case matured before January of 1988, when the Receiver first threatened this plaintiff regarding matters to which he had reasonably relied upon the professional legal services of defendants."

The third-party defendant's motion to dismiss is presented under Wyo.R.Civ.P. 12(b)(6), and the facts alleged must be taken as true for the purpose of the motion. A dismissal under 12(b)(6) may be appropriate if the defense of the statute of limitations is raised. *Horn v. Burns and Roe*, 536 F.2d 251 (8th Cir.1976). The only third-party defendant who did raise the defense of the statute of limitations no longer is a party in this case. The others have failed to accommodate to the standard found in *Stryker v. Rasch*, 57 Wyo. 34, 112 P.2d 570, 136 A.L.R. 770, *reh'g denied*, 113 P.2d 963 (1941), that the statute of limitations is an affirmative defense that must be presented in the first responsive pleading and must be relied upon. The failure to affirmatively plead this defense operates as a waiver permitting the plaintiff to recover even when the period of limitations has expired. 51 Am.Jur.2d *Limitation of Actions* § 457 (1970).

Furthermore, so far as this court knows, every element of an estoppel to assert the statute of limitations might well have been presented had that defense been raised in the trial court. This court has recognized that a party may be estopped from asserting the statute of limitations in an instance in which a party could show that the delay was induced by the defendant who misled the plaintiff after which the plaintiff acted upon the misinformation in good faith. *Taylor v. Estate of Taylor*, 719 P.2d 234 (Wyo.1986). We also have recognized that the fraudulent concealment of facts necessary to a cause of action can estop the assertion of the statute of limitations. *Olson v. A.H. Robins Co., Inc.*, 696 P.2d 1294 (Wyo.1985). In addition, we have acknowledged the possibility that a defendant may lull the claimant into a reasonable belief that his claim would be settled without suit. *Turner v. Turner*, 582 P.2d 600 (Wyo.1978). It is recognized that no tolling was effected in any of the cited cases, but the legal principles upon which tolling might occur are fairly well defined. Those legal issues can only be resolved upon the basis of facts addressed to the issue of the statute of limitations, and this record is totally devoid of those facts because the

appellees failed to assert that defense in the trial court.

In this regard, I find I am troubled by the refusal of the majority to recognize the roles that various parties to this appeal have played in these circumstances. The performance of those particular roles might well have adversely affected the ability of the appellants to have "discovered" their cause of action, at least to the extent of questioning whether the statute of limitations should be tolled. The underlying problem in this case involves fraud on the part of certain bank officers. Absent any evidence to the contrary, I must concede that those charged could have, at least plausibly, gone to great lengths to conceal their wrongdoing. Discovery of the cause of action might very well have been delayed under the circumstances. *See American Sur. Co. v. Pauly*, 170 U.S. 133, 18 S.Ct. 552, 42 L.Ed. 977 (1898); *Federal Deposit Ins. Corp. v. Aetna Cas. & Sur. Co.*, 426 F.2d 729 (5th Cir.1970); *Alfalfa Elec. Co-op, Inc. v. Travelers Indem. Co.*, 376 F.Supp. 901 (W.D.Okla.1973); *Federal Deposit Ins. Corp. v. National Sur. Corp.*, 281 N.W.2d 816 (Iowa 1979); *National Newark & Essex Bank v. American Ins. Co.*, 76 N.J. 64, 385 A.2d 1216 (1978).

In my judgment, it is wrong for this court to invoke the statute of limitations in the interests of "judicial economy" to deny these parties their day in court. The rules relating to the acceptance of the truth of the averments of a party in the context of a motion to dismiss pursuant to Wyo.R.Civ.P. 12(b)(6), the pleading of the statute of limitations as an affirmative defense or waiver if it is not pleaded, and the appellate discipline foreclosing consideration of an issue that is not initially presented to the trial court, all militate against the majority resolution. Their effect is overwhelming. I would reverse and remand for further proceedings in the trial court.