2010 WY 148

Craig E. ADELIZZI and Betsy Adelizzi, husband and wife, Appellants (Plaintiffs),

v.

Roger Fred STRATTON, d/b/a Stratton Real Estate; Mary McGill, individually and as an agent for Stratton Real Estate, Appellees (Defendants).

No. S–09–0257.

Supreme Court of Wyoming.

Nov. 17, 2010.

Representing Appellants: James R. Bell of Murane & Bostwick, LLC, Casper, Wyoming.

Representing Appellees: Patrick J. Murphy of Williams, Porter, Day & Neville, P.C., Casper, Wyoming.

Before KITE, C.J., and GOLDEN, HILL, VOIGT *, and BURKE, JJ.

VOIGT, Justice.

[¶ 1]  This is an appeal from a summary judgment granted by the district court in favor of a real estate agent and broker who were sued by former clients for professional negligence.  We affirm because there are no genuine issues of material fact, and the appellees are entitled to judgment as a matter of law.

## ISSUES

[¶ 2]  1.  When did the limitation period for professional negligence begin to run under Wyo. Stat. Ann. § 1–3–107 (LexisNexis 2009)?

2.  Did the district court correctly conclude that neither exception to the commencement of the limitation period found in Wyo. Stat. Ann. § 1–3–107(a)(i) is applicable given the undisputed facts of this case?

## FACTS

[¶ 3]  On April 8, 2006, the appellants (the Adelizzis) hired the appellees (McGill and Stratton) to act as their agent and broker in the purchase of a house from Victoria Lock-

---

* Chief Justice at time of oral argument.
  This case was reassigned to Justice Voigt on September 22, 2010.

ard (Lockard).  McGill had shown the house to the Adelizzis several times in the preceding months.  Lockard and the Adelizzis closed the purchase-and-sale on June 1, 2006, and the Adelizzis moved into the house.

[¶ 4]  Prior to this transaction, the house had suffered at least three basement flooding incidents:  a sprinkler line break on October 15, 2001, a snow melt on March 22, 2003, and a rain storm on August 4–5, 2005.  In mid-June 2006, the Adelizzis called McGill to tell her water was coming up in a basement floor drain.  After contacting Lockard, McGill returned the Adelizzis' call and told them to contact Huber Plumbing and Heating, which they did, and the problem was fixed.

[¶ 5]  On April 1–2, 2007, the Adelizzis experienced a "big flood" in their basement.  A company named SERVPRO cleaned up the basement and during the clean-up, one of the company's servicemen told the Adelizzis that the house was frequently flooded.  After obtaining engineering and contracting estimates for remediation purposes, the Adelizzis contacted an attorney.  On May 8, 2007, the attorney sent a letter to Lockard and to Raylene Rowe (Rowe), Lockard's real estate agent in the sale of the house, alleging failure to disclose the water problems and asking Lockard and Rowe to take the necessary steps to fix the problem rather than face a lawsuit.

[¶ 6]  On August 1, 2007, water seeped through the house's foundation into the basement.  On August 18, 2007, water came through the window wells into the basement.  Contractors then spent about two months performing engineer-designed remediation on the house, for which the Adelizzis paid $25,260.52.[1]

[¶ 7]  On September 24, 2007, the Adelizzis filed a complaint against Lockard, Rowe, and Rowe's agency, Home Access Realty, LLC (Home Access).  Discovery and other pre-trial matters took place over the next 14 months, with no party deposing or contacting McGill.  Finally, on November 7, 2008, Home Access's attorney listed McGill as a witness

---

1.  The Adelizzis approximated their total damages at $50,331.93.

and supplied her affidavit setting forth her anticipated testimony. The Adelizzis were then allowed to amend their complaint, adding McGill and Stratton as defendants, with the gravamen of the amendment being the accusation that McGill negligently and intentionally failed to disclose to the Adelizzis the flooding that had occurred in August 2005. The Amended Complaint was filed on January 12, 2009.

[¶ 8] McGill and Stratton moved for summary judgment on the ground that the Adelizzis' lawsuit was barred by the applicable statute of limitations for professional negligence, that being Wyo. Stat. Ann. § 1–3–107(a). Specifically, McGill and Stratton stated the controlling issue as being whether the two-year period of limitations began to run on June 1, 2006, which was the last date of any possible act, error or omission by McGill, or on April 2, 2007, when the Adelizzis suffered flooding and learned of the 2003 and 2005 flood incidents. The district court granted the motion for summary judgment on the ground that the period of limitations began to run on June 1, 2006, and had expired on June 1, 2008, meaning that the Adelizzis' assertion of a cause of action against McGill and Stratton was untimely.

## PROFESSIONAL NEGLIGENCE STATUTE OF LIMITATIONS

[¶ 9] Wyo. Stat. Ann. § 1–3–107(a) provides as follows:

(a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:

(i) Within two (2) years of the date of the alleged act, error or omission, except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was:

(A) Not reasonably discoverable within a two (2) year period; or

(B) The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.

## STANDARD OF REVIEW

[¶ 10] We have often described and applied the following standard for reviewing summary judgment decisions:

Our standard of review for summary judgment states:

On appeal, this Court evaluates the propriety of a district court's summary judgment ruling by examining the same materials and following the same standards as the district court. We examine the record de novo in the light most favorable to the party opposing the motion, giving that party the benefit of all favorable inferences which may be fairly drawn from the record. If upon review of the record, doubt exists about the presence of genuine issues of material fact, we resolve that doubt against the party seeking summary judgment. We review questions of law de novo without giving any deference to the district court's determinations. If we can uphold summary judgment on any proper legal basis appearing in the record, we will.

*Wagner v. Reuter*, 2009 WY 75, ¶ 11, 208 P.3d 1317, 1321–22 (Wyo.2009) (internal citations omitted). *See also Cheek v. Jackson Wax Museum, Inc.*, 2009 WY 151, ¶ 12, 220 P.3d 1288, 1290 (Wyo.2009).

*Heimer v. Antelope Valley Improvement & Serv. Dist.*, 2010 WY 29, ¶ 14, 226 P.3d 860, 863 (Wyo.2010). The question of when a statute of limitations began to run is a question of law if the material facts are not in dispute. *Ballinger v. Thompson*, 2005 WY 101, ¶ 24, 118 P.3d 429, 437 (Wyo.2005); *Murphy v. Housel & Housel*, 955 P.2d 880, 883 (Wyo.1998); *Hiltz v. Robert W. Horn, P.C.*, 910 P.2d 566, 569 (Wyo.1996); *Bredthauer v. Christian, Spring, Seilbach & Assocs.*, 824 P.2d 560, 562 (Wyo.1992); *see also Lucky Gate Ranch, L.L.C. v. Baker & Assocs., Inc.*, 2009 WY 69, 208 P.3d 57 (Wyo. 2009) (affirmance of summary judgment based upon date of act, error or omission under Wyo. Stat. Ann. § 1–3–107).

## DISCUSSION

*When did the limitation period for professional negligence begin to run under Wyo. Stat. Ann. § 1–3–107 (LexisNexis 2009)?*

[¶ 11] We have stated and re-stated our rules of statutory construction many times, and there is no reason to do so in detail once again. For the purposes of this discussion, we will mention briefly a few central principles: first, statutory construction is a matter of law; second, we are seeking legislative intent; third, we construe a statute only if it is ambiguous, with the question of ambiguity being a question of law; and fourth, a "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Taylor v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2003 WY 83, ¶ 10, 72 P.3d 799, 802 (Wyo.2003) (quoting *Allied–Signal, Inc. v. Wyo. State Bd. of Equalization*, 813 P.2d 214, 220 (Wyo. 1991)); *see also In re Interest of MN*, 2007 WY 189, ¶ 4, 171 P.3d 1077, 1080 (Wyo.2007). In addition, "[a] basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them." *Merrill v. Jansma*, 2004 WY 26, ¶ 29, 86 P.3d 270, 285 (Wyo.2004); *see also Kennedy Oil v. Dep't of Revenue*, 2008 WY 154, ¶ 14, 205 P.3d 999, 1004 (Wyo.2008); and *Mathewson v. City of Cheyenne*, 2003 WY 10, ¶ 9, 61 P.3d 1229, 1232–33 (Wyo.2003). Finally, a closely related principle is that "[w]hen the legislature specifically uses a word in one place, we will not interpret that word into other places where it was not used." *Qwest Corp. v. Public Serv. Comm'n of Wyo.*, 2007 WY 97, ¶ 25, 161 P.3d 495, 501 (Wyo.2007) (citing *In re Adoption of Voss*, 550 P.2d 481, 485 (Wyo. 1976)). Stated otherwise, "[w]e presume that the legislature acts intentionally when it uses particular language in one statute, but not in another." *Rodriguez v. Casey*, 2002 WY 111, ¶ 10, 50 P.3d 323, 327 (Wyo.2002).

[¶ 12] Applying these principles in *Lucky Gate Ranch*, 2009 WY 69, ¶ 19, 208 P.3d at 65, we stated that "[i]t appears from a plain reading of Wyo. Stat. Ann. § 1–3–107 that the time for filing suit is governed by the date when the 'act, error or omission' occurs, rather than the date when the cause of action accrues."[2] In the instant case, the district court relied upon this statement in granting summary judgment to McGill and Stratton. The district court was correct and will be affirmed in that regard.

[¶ 13] It is true that in *Lucky Gate Ranch* we made the above statement, but then went on to leave the specific issue now before the Court open because the resolution of that case was the same whether the period of limitations began to run on the date of the act, error or omission, or on the date that the cause of action accrued. 2009 WY 69, ¶ 19, 208 P.3d at 65. Application of the above-recited rules of statutory construction lead us now, however, to the ineluctable conclusion that the analysis in *Lucky Gate Ranch* was correct. Wyo. Stat. Ann. § 1–3–107 is unambiguous. Further, the concept of "when the cause of action accrues," which defines every other period of limitation found in Wyo. Stat. Ann. §§ 1–3–102 through 1–3–116 (Lexis-Nexis 2009), is not present in Wyo. Stat. Ann. § 1–3–107. Under no theory of statutory construction are we free to interpret the words "within two years of the date of the alleged act, error or omission" to mean "within two years of the date when the cause of action accrues." There could be no clearer example of the legislature using one set of words in some statutes and another set of words in the statute at issue. The statute of limitations began to run in this case on June 1, 2006, the last day that McGill performed professional services for the Adelizzis under their agreement.

*Did the district court correctly conclude that neither exception to the commencement of the limitation period found in Wyo. Stat. Ann. § 1–3–107(a)(i) is applicable given the undisputed facts of this case?*

[¶ 14] The period of limitations found in Wyo. Stat. Ann. § 1–3–107 does not

---

**2.** "A cause of action accrues for statute of limitation purposes when all elements of the cause of action are present, including damages." *Lucky Gate Ranch*, 2009 WY 69, ¶ 20, 208 P.3d at 65.

begin to run on the date of the alleged act, error or omission if the plaintiff can establish either that the alleged act, error or omission was not reasonably discoverable within the statutory two-year period or that the plaintiff failed to discover the alleged act, error or omission within the statutory two-year period, despite the exercise of due diligence. In the instant case, the district court made the dual finding that the alleged act, error or omission of McGill was reasonably discoverable during the two-year period, and that the Adelizzis did not discover the alleged act, error or omission because they did not exercise due diligence. That dual finding is supported by the undisputed facts.

[¶ 15] The sale closed on June 1, 2006. Less than a month later, the Adelizzis suffered the first of four flooding incidents that occurred during the two-year statutory period. The other incidents happened on April 1–2, 2007, August 1, 2007, and August 18, 2007. By May 8, 2007, the Adelizzis' attorney was demanding compensation for remediation from Lockard and Rowe. Suit was filed on September 24, 2007. Perhaps most significantly, the Adelizzis learned during the April 1–2, 2007, incident that the house was considered by the service company to be a "frequently flooded house." Despite all this, the Adelizzis made no effort even to contact McGill until they moved to amend their complaint to add her as a defendant on November 24, 2008, more than five months after expiration of the statutory period of limitations.

[¶ 16] We have said that "Wyoming is a 'discovery' state, which means that the statute of limitations is not triggered until the plaintiff knows *or has reason to know* the existence of the cause of action." *Boller v. Western Law Assocs., P.C.*, 828 P.2d 1184, 1185 (Wyo.1992) (quoting *Mills v. Garlow*, 768 P.2d 554, 555 (Wyo.1989) (emphasis added)). Indeed, the concept of discovery is written into Wyo. Stat. Ann. § 1–3–107 in the two exceptions. In the instant case, the Adelizzis knew of the water problem within weeks of moving into the house, and knew at least by April 1–2, 2007, that undisclosed flooding incidents had occurred prior to their purchase of the house. The Adelizzis knew

at that time that they potentially had a cause of action, and the due diligence mandate of the statute required them to make some effort to determine McGill's role, if any. *See Rawlinson v. Greer*, 2003 WY 28, ¶ 22, 64 P.3d 120, 125 (Wyo.2003) (statute barred lawsuit where house purchaser became aware of water problem in June 1995 but did not sue realtor until December 1998); and *Boller*, 828 P.2d at 1185–86 (alleged negligence of attorneys, causing bank's failure, was reasonably discoverable at time of closure or soon thereafter).

[¶ 17] The Adelizzis knew by April 1–2, 2007, that the house had a history of flooding. They also knew, if the facts are viewed in the light most favorable to them, that McGill had not disclosed the flooding problem to them. They were certainly on "inquiry notice" by that time of the cause of action that they brought against her nineteen months later. "[I]f uncontroverted facts exist which specify when a reasonable person should have been placed on inquiry notice, we can resolve the question as a matter of law." *Hiltz*, 910 P.2d at 569.

[¶ 18] To apply either of the statutory exceptions to the facts of this case would be to emasculate them. It cannot reasonably be disputed that the Adelizzis had sufficient knowledge about the water problems and the non-disclosure of those water problems to make any professional negligence by McGill reasonably discoverable well within the statutory two-year period. We affirm the district court's conclusion that such was the case.

## CONCLUSION

[¶ 19] The two-year statutory period of limitations for professional negligence found in Wyo. Stat. Ann. § 1–3–107(a) began to run in this case on June 1, 2006, the last day that appellee McGill performed professional services for the Adelizzis. Furthermore, the act, error or omission that would have constituted such professional negligence, if any, was reasonably discoverable by the Adelizzis within that two-year period, and the Adelizzis did not exercise due diligence in failing to

discover the act, error or omission that constituted the alleged professional negligence.