# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 59

APRIL TERM, A.D. 2013

*May 13, 2013*

KARA WALTERS,

**Appellant**
**(Petitioner),**

v.

S-12-0213

**STATE OF WYOMING ex rel.**
**WYOMING DEPARTMENT OF**
**TRANSPORTATION,**

**Appellee**
**(Respondent).**

*Appeal from the District Court of Albany County*
*The Honorable Jeffrey A. Donnell, Judge*

*Representing Appellant:*
R. Michael Vang of Fleener & Vang LLC, Laramie, Wyoming

*Representing Appellee:*
Gregory A. Phillips, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; Michael T. Kahler, Senior Assistant Attorney General

*Before KITE, C.J., and HILL, BURKE, and DAVIS, JJ., and GOLDEN, J., Retired*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**DAVIS**, Justice.

[¶1]   Appellant Kara Walters was charged with driving while under the influence (DWUI) in Laramie, Wyoming.  The Wyoming Department of Transportation (WYDOT) suspended her driver's license, and she requested an evidentiary hearing before the Office of Administrative Hearings (OAH).   An OAH hearing examiner upheld the suspension against a challenge that she had not been properly advised as to implied consent.   She then sought review of the administrative suspension in the district court, where she also raised a number of constitutional challenges to a municipal criminal ordinance in addition to the claim that she had not been properly advised under the implied consent statute. The district court concluded that the constitutional issues before it had not and could not have been raised in the administrative hearing and that it therefore lacked jurisdiction to consider them, and that Walters had been properly advised as to implied consent.  We agree and therefore affirm.

## ISSUES

[¶2]   1. Did the arresting officer properly advise Ms. Walters as to implied consent as required by Wyoming Statute § 31-6-102(a)(ii) when she was also told that refusal to submit to chemical testing could result in incarceration under a municipal criminal ordinance?

2.  Does this Court have jurisdiction to consider challenges to a municipal ordinance that were not and could not have been raised in a license suspension hearing?

## FACTS

[¶3]   A City of Laramie police officer observed Walters drive her vehicle through a flashing red light a little before one o'clock in the morning on February 6, 2012, and made a traffic stop.  When he approached the vehicle and spoke with her, he detected the odor of a flavored alcoholic beverage.  He then administered field sobriety and nystagmus tests, and arrested Walters for DWUI based upon the results.

[¶4]   Walters was then taken to the Albany County detention center where the arresting officer read her the standard implied consent advisement required by Wyoming Statute 31-6-102(a)(ii).  Walters initially refused to submit to a breath test.  The officer then informed her that she could be prosecuted under a Laramie municipal ordinance for refusing to take a breath test.  The officer also explained that he could obtain a search warrant, take her to Ivinson Memorial Hospital, and have a blood sample forcibly taken from her under the authority provided by Wyoming Statute § 31-6-102(d).[1]   After this

---

[1] The Wyoming Legislature significantly amended the implied consent statutes in 2011.  It repealed the enhanced administrative penalties for refusing chemical testing, and it authorized law enforcement

1

explanation, Walters submitted to a breath test, which yielded a blood alcohol concentration (BAC) of 0.18%. Ms. Walters was employed at Ivinson Memorial, which may have played a part in her decision. She was charged with DWUI under the Laramie ordinance in municipal court. That court stayed the proceedings there pending the outcome of *Sandoval v. State ex rel. Wyo. Dep't of Transp.*, 2012 WY 160, 291 P.3d 290 (Wyo. 2012).

[¶5]    Wyoming Statute § 31-6-102(e) requires WYDOT to suspend a driver's license if a DWUI test result indicates a BAC of 0.08% or more. WYDOT accordingly gave notice of its intent to suspend Walters' license for ninety days based on the breath test result. Walters timely requested a contested case hearing before an OAH hearing examiner to challenge the administrative suspension.

[¶6]    At the OAH hearing, Ms. Walters argued that she had not been properly advised as to implied consent. She conceded that the officer read the advisement required by § 31-6-102(a)(ii) correctly, but contended that it was confusing and misleading because the arresting officer then advised her that she could be incarcerated for a minimum of seven days for refusing to take a chemical test under Laramie Enrolled Ordinance 1952, but did not also tell her that she could also receive a minimum sentence of seven days in jail under the ordinance if she had a BAC of 0.15% or more.

[¶7]    The OAH hearing examiner rejected her argument, stating that:

> The suspension of driving privileges is civil in nature and is controlled by Wyoming law. The evidence in this matter clearly established Officer Terry arrested Walters for DWUI, read Walters the *implied consent* advisement required under Wyoming law and Walters agreed to submit to a chemical test without the need to obtain a search warrant. Thus, the proposed suspension action should be upheld. The issues and argument raised by Walters' counsel have no merit in this civil proceeding. The arguments may have some bearing in the underlying criminal action in the Laramie Municipal Court but that issue is not one this Office has authority to determine.

The hearing examiner upheld the suspension.

---

officers to obtain remotely communicated search warrants and to forcibly obtain chemical testing of DWUI arrestees who refuse the tests, among other provisions. 2011 Wyo. Sess. Laws Ch. 178. These laws were in effect at the time of Walters' arrest on February 6, 2012. *See id*. (providing for an effective date of July 1, 2011).

[¶8]   In the district court, Ms. Walters argued that the suspension should be stayed pending a decision in three declaratory judgment actions.  In those cases, counsel for Walters challenged other administrative suspensions relating to the Laramie ordinance.  In the alternative, she challenged the Laramie ordinance on a number of other grounds, contending as follows:

1.      The arresting officer should have advised her of the aggravated offender provisions of the Laramie ordinance before asking her to submit to a chemical test (referring to the mandatory sentence of seven days for a BAC over 0.15% under the ordinance).

2.      The arresting officer's advisement concerning the effect of a refusal to submit a BAC test under the Laramie ordinance was improper and implicated her due process rights.

3.      The definition of "chemical test refusal" in the Laramie ordinance is overly broad and vague.

4.      The existence of a mandatory minimum jail sentence as a result of refusing a breath test creates a critical stage for purposes of the right to an attorney, and should have required that she be allowed an opportunity to retain counsel before deciding whether to undergo chemical testing or not.

5.      A mandatory minimum jail sentence for refusing a chemical test results in double jeopardy.

6.      Walters was not properly advised on implied consent because she was told she could go to jail for refusing a chemical test but not that she could go to jail if she tested over 0.15% BAC.

7.      State law preempts the Laramie ordinance, which is in conflict with it.

[¶9]   The district court did not stay the administrative suspension pending a decision in the declaratory judgment actions.  It  found that it only had jurisdiction to consider whether Walters was properly advised as to implied consent and declined to address the other issues,  because  that they must be pursued in a criminal appeal or declaratory judgment action. The court affirmed the hearing examiner's conclusion that Ms. Walters was properly advised in accordance with Wyoming law.   This appeal was timely perfected.

**STANDARD OF REVIEW**

3

[¶10]  We review an administrative agency's decision "as if it had come directly to us from the administrative agency," giving no deference to the district court's decision. *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo. 2008) (quoting *Newman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2002 WY 91, ¶ 7, 49 P.3d 163, 166 (Wyo. 2002)).  We review questions of statutory interpretation de novo, and affirm an agency's conclusions if they are in accordance with the law.  *Id.* at ¶ 26, 188 P.3d at 561-62; *Escarcega v. State ex rel. Wyo. Dep't of Transp.*, 2007 WY 38, ¶ 7, 153 P.3d 264, 267 (Wyo. 2007).  We review an agency's findings of fact following a contested case hearing for substantial evidence. Wyo. Stat. Ann. § 16-3-114(c)(ii)(E) (LexisNexis 2011); *Exxon Mobil Corp. v. Wyo. Oil & Gas Conservation Comm'n*, 2013 WY 32, ¶ 23, 297 P.3d 782, 788 (Wyo. 2013).

## DISCUSSION

***Adequacy of Implied Consent Advisements***.

[¶11]  The scope of an OAH hearing on a driver's license suspension for DWUI is limited by statute to the following:

> (b) The scope of a hearing for the purposes of this act shall cover the issues of whether a peace officer had probable cause to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon a public street or highway in this state in violation of W.S. 31-5-233(b) or any other law prohibiting driving under the influence as defined by W.S. 31-5-233(a)(v), whether the person was placed under arrest, or if a test was administered, whether the test results indicated that the person had an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, and **whether, except for the persons described in this act who are incapable of cooperating with the administration of the test, he had been given the advisements required by W.S. 31-6-102(a)(ii).**

Wyo. Stat. Ann. § 31-6-103(b) (LexisNexis 2011) (emphasis added).

[¶12]  Ms. Walters contends that she was not given proper implied consent advisements.  She asserts that she was "threatened" by the advisements regarding possible jail time under the city ordinance, and that her BAC results were therefore inadmissible for purposes of her driver's license suspension.  We have recognized that breath test results may be suppressed in driver's license suspension proceedings if an individual is "tricked or misled" with respect to his or her implied consent advisements.  *In re Hittner*, 2008 WY 91, ¶ 12, 189 P.3d 872, 876 (Wyo. 2008) (quoting *Nesius v. State Dep't of Revenue*

*& Taxation*, 791 P.2d 939, 943–44 (Wyo. 1990)). However, "[w]here an officer informs a suspect that the officer intends to do something that the officer is legally authorized to do under the circumstances, such conduct does not amount to coercion." *State v. LeClercq*, 243 P.3d 1093, 1099 (Idaho Ct. App. 2010).

[¶13] The arresting officer read Ms. Walters the implied consent advisements required by § 31-6-102(a)(ii) in their entirety. She was also accurately advised of the criminal consequences of refusing to submit to a chemical test under the municipal ordinance. This additional advisement neither tricked nor misled Walters; it simply informed her of the potential criminal penalties associated with her decision under the Laramie ordinance. Explaining the consequences of her choice as to whether to take the test may or may not have pressured Walters in some sense, but providing accurate information did not rise to a level of coercion which would render her consent involuntary. "Bowing to events, even if one is not happy about them, is not the same thing as being coerced." *Robbins v. MacKenzie*, 364 F.2d 45, 50 (1st Cir. 1966).

[¶14] Walters also argues that the advisement given by the arresting officer was misleading because she was not told that she faced the same minimum mandatory jail sentence if she had a BAC over 0.15% as she did if she refused the chemical test. A conviction for DWUI may have many consequences. At the time of Walters' arrest, the maximum penalty for driving while under the influence under state law ranged from six months in jail up to two years in prison depending on how many prior convictions an individual has. Wyo. Stat. Ann. § 31-5-233(e) (LexisNexis 2011).[2] Fines can range from less than $750.00 to a maximum of $10,000.00. Individuals may be required to complete treatment programs at their own expense as conditions of probation. *Id*.

[¶15] On the administrative side, use of expensive interlock devices may be required for periods ranging from one year to life in the case of repeat offenders. § 31-5-233(f)(iii)–(v). The interlock requirement can also vary depending on BAC. *Id*. Driving privileges can be suspended for periods ranging from six months to life. *Id*. at (i).

[¶16] As to practical consequences, individuals convicted of DWUI may lose their jobs because their employers' insurance carriers will no longer insure company vehicles if they operate them. Private insurance costs will almost certainly rise. Criminal convictions for DWUI may affect a person's ability to obtain employment or gain entry to the military. All of these consequences can flow from a blood alcohol test.

[¶17] However, the Wyoming Legislature chose to require only the following advisements prior to chemical DWUI testing:

---

[2] The penalty for fourth-offense DWUI was increased to up to seven years in prison effective July 1, 2012. Wyo. Stat. Ann. § 31-5-233(e) (LexisNexis Supp. 2012).

(ii) For tests required under this act, the arrested person shall be advised that:

(A) Repealed by Laws 2011, ch. 178, § 2 [eff. July 1, 2011].

(B) If the results of the test indicate the person is under the influence of alcohol or a controlled substance, he may be subject to criminal penalties, his Wyoming driver's license or his privilege to operate a motor vehicle shall be suspended for ninety (90) days and he may be required to drive only vehicles equipped with an ignition interlock device;

(C) After undergoing all chemical tests required by the peace officer at a place and in a manner prescribed by and at the expense of the agency employing the peace officer, the arrested person may go to the nearest hospital or clinic and secure any additional tests at his own expense;

(D) Repealed by Laws 2009, ch. 160, § 2.

Wyo. Stat. Ann. § 31-6-102(ii) (LexisNexis 2011).

[¶18] "[A] basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them." *Adelizzi v. Stratton*, 2010 WY 148, ¶ 11, 243 P.3d 563, 566 (Wyo. 2010) (citation omitted). The doctrine of *expressio unius est exclusio alterius* requires us to construe a statute "that enumerates the subjects or things on which it is to operate, or the persons affected, or forbids certain things . . . as excluding from its effect all those not expressly mentioned." *Cathcart v. Meyer*, 2004 WY 49, ¶ 40, 88 P.3d 1050, 1066 (Wyo. 2004) (citing *In re West Highway Sanitary & Imp. Dist.*, 77 Wyo. 384, 317 P.2d 495, 504 (1957)). *See also The Adeline*, 13 U.S. (1 Cranch) 244, 253, 3 L. Ed. 719 (1815) ("Now the construction must depend on the evident meaning and intent of the legislature, as clearly to be gathered from a view of the whole provision; and it may be adopted as a fundamental rule, that where there is an express provision, there shall not be a provision by implication; *expressio unius est exclusio alterius*.").

[¶19] The legislature rationally chose to require the advisements listed in § 31-6-102(a)(ii), and the arresting officer complied with the statute by giving them. He was not required to explain all of the possible consequences of submitting to testing, including the

enhanced penalty for driving under the influence at more than 0.15% BAC under the Laramie ordinance. *See Sandoval v. State ex rel. Wyo. Dep't of Transp.*, 2012 WY 160, ¶ 15, 291 P.3d 290, 294 (Wyo. 2012) ("[T]he Wyoming legislature was specific in what information was required in an implied consent advisement, and information regarding municipal sanctions was not included in the required advisements.") (citing Wyo. Stat. Ann. § 31-6-102(a)(ii) (LexisNexis 2009)); *Escarcega*, ¶ 21, 153 P.3d at 270 ("Appellant here was given the precise warning required by the applicable statutes for a driver stopped [for DWUI] in a non-commercial vehicle. He was entitled to no more and no less.").

[¶20] Whether the combination of advising Walters of the consequence of refusing a blood alcohol test while not explaining the higher penalty for testing at or above .15% might make the breath test inadmissible in a criminal case is a separate issue that is not before us. In this administrative proceeding, the OAH hearing examiner and the district court both correctly held that Walters was adequately advised as required by statute.

***Issues Relating to Laramie Ordinance***

[¶21] In *Sandoval*, we held that "Wyoming law . . . does not authorize the OAH to consider municipal ordinances when determining whether to rescind or sustain a driver's license suspension." 2012 WY 160, ¶ 15, 291 P.3d at 295. We reached the same conclusion in *Regan v. State ex rel. Wyoming Departmentt of Transportation*, 2012 WY 161, 292 P.3d 849 (Wyo. 2012), recognizing that:

> To the extent that [appellants] wish to extend their challenge to the constitutionality or validity of the Laramie municipal ordinances, we agree with the OAH and the district court that such a challenge was beyond the scope of the OAH proceeding and must be brought in a separate declaratory judgment action or in the criminal proceeding on the DWUI citation.
>
> Having concluded that the OAH was without jurisdiction to rule on the challenges to the Laramie implied consent ordinances, we must likewise conclude that this Court is without jurisdiction to consider and rule on those issues.

*Id.* at ¶¶ 22–23, 292 P.3d at 854–55 (citation omitted).[3]

---

[3] *Sandoval* and *Regan* were decided on December 19 and 20, 2012. Those decisions were not therefore available to Appellant when her brief was filed on November 9, 2012.

[¶22]  Ms. Walters claims that she "had the right . . . to an attorney as soon as she was told that her choice of submitting to a chemical test would result in a possible minimum mandatory jail sentence."  In her criminal prosecution for DWUI, she may certainly argue that those proceedings reached a critical stage when she was advised of the Laramie municipal ordinances, thus triggering the right to counsel. *But see Mogard v. City of Laramie*, 2001 WY 88, ¶¶ 20–26, 32 P.3d 313, 320–24 (Wyo. 2001) (holding that implied consent advisement procedures were not a critical stage implicating the right to counsel in criminal DWUI proceedings).   However, this claim was not and could not have been brought before the OAH examiner under § 31-6-103(b). *See Regan*, ¶¶ 18–19, 292 P.3d at 853–54 (rejecting claims that chemical test results could not be used for an administrative suspension because the appellants were not allowed to speak with an attorney).

[¶23]  Finally, Walters asserts that the City of Laramie is preempted from enforcing DWUI laws that conflict with Wyoming state statutes on the same topic.  Challenges to the constitutionality and validity of municipal ordinances are "beyond the scope of the OAH proceeding and must be brought in a separate declaratory judgment action or in the criminal proceeding on the DWUI citation." *Regan*, ¶ 22, 292 P.3d at 854. That contention therefore was not and could not have been considered by the OAH hearing examiner. *See id*. at ¶ 23 (concluding that the OAH hearing examiner and this Court were without jurisdiction to rule on challenges to the Laramie ordinances).[4]

## CONCLUSION

[¶24]  The hearing examiner correctly determined that Ms. Walters was properly advised as required by statute.  Her other claims were not and could not have been presented in a license suspension proceeding.  Affirmed.

---

[4] In *Sandoval v. City of Laramie*, Civil Action No. 2012-7936, the Second Judicial District Court held that state law preempted the Laramie city ordinance.  That decision is not before us for review.