2003 WY 27

**Daniel HEILIG, Appellant (Plaintiff),**

**v.**

**WYOMING GAME AND FISH COMMISSION, Wyoming Game and Fish Department, and John Baughman, Director, Wyoming Game and Fish Department, Appellees (Defendants).**

**No. 02–41.**

Supreme Court of Wyoming.

Feb. 28, 2003.

KITE, Justice.

[¶ 1] Daniel Heilig, an attorney and avid hunter, filed a *pro se* declaratory judgment action in the Ninth Judicial District Court asserting Chapter 2, Section 12 of the Wyoming Game and Fish Department's (Game and Fish) general hunting regulations was null and void, unenforceable, and invalid *ab initio* because Game and Fish had not complied with the Wyoming Administrative Procedure Act (Wyo. Stat. Ann. §§ 16–3–101 to –115 (LexisNexis 2001)) (WAPA) in incorporating its 2000 Walk–In Areas Hunting publication (Atlas) by reference into its rules and regulations. Prior to the declaratory judgment action being filed, a criminal action was filed against Mr. Heilig in the Big Horn County Circuit Court alleging he failed to obtain landowner consent to hunt in violation of Wyo. Stat. Ann. § 23–3–305(b) (LexisNexis 2001). The criminal matter was pending on appeal to the Fifth Judicial District Court and presented the same legal issues as the declaratory judgment complaint. The Ninth Judicial District Court granted Game and Fish's motion to dismiss the declaratory judgment action finding the complaint failed to state a claim upon which relief could be granted and Mr. Heilig was not adversely affected in fact. We affirm the dismissal on different grounds because the declaratory judgment was not consistent with the circumstances in which we have allowed multiple similar actions to proceed.

## ISSUE

[¶ 2] We rephrase the issue as follows: Did the Ninth Judicial District Court abuse its discretion by dismissing the declaratory judgment action?

Daniel F. Heilig, Lander, Wyoming, pro se.

Hoke MacMillan, Attorney General; Thomas J. Davidson, Deputy Attorney General; and Lynda G. Cook, Senior Assistant Attorney General, Representing Appellees.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

## FACTS

[¶ 3] Game and Fish began to develop a program in 1998 intended to make hunting on private lands available to the public through agreements with private landowners. The landowners stipulate the species for which they will permit access and the time frame within established hunting seasons in which the public will be allowed access on

their private lands. We will refer to this as the Walk–In Area Program.

[¶ 4] On November 5, 2000, Mr. Heilig was hunting pheasants in Walk–In Area No. 28 located in Big Horn County. The area was not designated for pheasant hunting by the Atlas, and Mr. Heilig had not asked for nor received the landowner's permission to hunt pheasants. He was cited by a Game and Fish warden and prosecuted in the circuit court of the Fifth Judicial District for allegedly violating § 23–3–305(b) [1] by entering private property in Big Horn County to hunt without the landowner's permission—a seventh degree misdemeanor. These facts are not in dispute.

[¶ 5] In February of 2001, Mr. Heilig filed a motion to dismiss the criminal action contending in part that Game and Fish's rules and regulations for the Walk–In Area Program were void because they were improperly promulgated and were unconstitutional. On April 24, 2001, the circuit court denied the motion, and Mr. Heilig entered a conditional guilty plea under W.R.Cr.P. 11(a)(2) [2] and appealed the denial of his motion to dismiss to the Fifth Judicial District Court. On the same day, the parties filed a joint motion requesting the circuit court to certify specific questions to the Fifth Judicial District Court and identified these legal issues:

a. Does a person hunting on private lands that are enrolled in [Game and Fish's] Walk–In Access Program who has received permission of the owner or person in charge of the property commit a trespass in violation of W.S. § 23–3–305(b) when that person hunts a species not contemplated in the contract which created the rights of the general public to hunt the private lands?

b. Did [Game and Fish] violate W.S. § 23–1–302(a)(i) when it established the Walk–In Access Program in a manner

which allowed private landowners to determine which species may be hunted on their private lands, and at what dates, irrespective of the legally promulgated seasons which were established according to ·the Wyoming Administrative Procedure[ ] Act?

c. Has [Game and Fish] violated the requirements of the Wyoming Administrative Procedure[ ] Act when it allowed private landowners, in conjunction with the Walk–In Access Program, to set dates and species which could be taken on their private lands when said dates and species limitations conflicted with hunting areas not enrolled in said program?

d. Is the Walk–In Access Program in violation of the Wyoming Administrative Procedure[ ] Act in that the program was not subject to the procedural requirements of the Act, yet criminal sanctions may result from violations of the provisions of the program?

e. Can a [Game and Fish] publication (Walk–In Area Atlas), which has not been subject to public notice or public comment, provide a legal basis to sustain a criminal charge of trespassing, a violation of W.S. § 23–3–305(b)?

f. Is W.S. § 23–3–305(b), as applied to [Mr. Heilig] in this case, unconstitutionally vague, and therefore void, in violation of the Due Process Clause of the 14th Amendment to the United States Constitution, and Article I of the Wyoming Constitution?

The status of the appeal to the Fifth Judicial District Court is unclear, but it appears from the designated record to be pending.

[¶ 6] On April 6, 2001, Mr. Heilig filed a *pro se* declaratory judgment action in the Ninth Judicial District Court setting out claims we paraphrase as follows:

**Count I—"Violations of Wyoming Administrative Procedure Act."** Game and

---

1. "(b) No person shall enter upon the private property of any person to hunt, fish, or trap without the permission of the owner or person in charge of the property. Violation of this subsection constitutes a 7th degree misdemeanor."

2. "(2) Conditional Pleas. With the approval of the court and the consent of the attorney for the

state, a defendant may enter a conditional plea of guilty or *nolo contendere*, reserving in writing the right, on appeal from the judgment, to seek review of the adverse determination of any specified pretrial motion. A defendant who prevails on appeal shall be allowed to withdraw the plea."

Fish violated § 16–3–103(h) of the WAPA by incorporating "Department publications," the Atlas, by reference into its rules at Chapter 2, Section 12 which are not codes, standards, rules, or regulations and were not in existence at the time the rules (Chapter 2, Section 12) were promulgated in April of 2000. Game and Fish violated the WAPA because it failed to identify what "Department publications" it was incorporating by reference, provide a statement of the terms and substance of the proposed rule, or indicate where the publications material could be accessed.

**Count II—"Violations of Wyoming Game and Fish Statutes and Wyoming Administrative Procedure Act."** Game and Fish exceeded its authority and acted contrary to Wyo. Stat. Ann. §§ 23–1–302(a) and 23–1–303 (LexisNexis 2001) by establishing the Atlas hunting seasons and dates without conforming to the WAPA requirements.

**Count III—"Violation of Due Process Requirements of the 14th Amendment to the Constitution of the United States."** Game and Fish violated Mr. Heilig's right to due process under the Fourteenth Amendment [3] to the United States Constitution by prosecuting a criminal charge on the basis of Game and Fish's rules (Chapter 2, Section 12) and the Atlas which were not properly promulgated under the WAPA and did not provide adequate notice of the prohibited behavior or the potential penal sanction.

**Count IV—"Violation of Due Process Requirements of Article 1, Section 6 of the Constitution of [t]he State of Wyoming."** Game and Fish violated Mr. Heilig's right to due process under Article 1, Section 6 [4] of the Wyoming Constitution by prosecuting a charge on the basis of a rule and publication which failed to provide fair and adequate warning of the prohibited conduct or penalty and were not promulgated pursuant to the WAPA procedural requirements.

[¶ 7] Through this action, Mr. Heilig requested the Ninth Judicial District Court: (1) declare Game and Fish's rules (Chapter 2, Section 12) and Atlas null and void, unenforceable, invalid *ab initio*, and unconstitutional; (2) issue an injunction precluding enforcement under the rules; and (3) award him attorney fees. Game and Fish filed a motion to dismiss alleging Mr. Heilig did not have standing and was endeavoring to forum shop because these issues were before the circuit court of the Fifth Judicial District. The Ninth Judicial District Court granted Game and Fish's motion holding that Mr. Heilig did not have standing to file the complaint because he was not affected in fact by the rule. This appeal followed.

## STANDARD OF REVIEW

[¶ 8] The declaratory judgment action was dismissed because the district court found Mr. Heilig lacked standing. We agree dismissal was proper but on different grounds. This court must affirm the district court's action on appeal if it is sustainable on any legal ground appearing in the record even if the legal ground or theory articulated by the district court is incorrect. *Masinter v. Markstein*, 2002 WY 64, ¶ 8, 45 P.3d 237, ¶ 8 (Wyo.2002); *Deisch v. Jay*, 790 P.2d 1273, 1278 (Wyo.1990); *Transamerica Commercial Finance Corporation v. Naef*, 842 P.2d 539, 541 (Wyo.1992).

In a *de novo* review of the threshold question of jurisdiction, "we examine the policies underlying both the Uniform Declaratory Judgments Act and the doctrine of justiciability to determine if this is a proper case for judicial action." *Reiman Corp. v. City of Cheyenne*, 838 P.2d 1182, 1185 (Wyo.1992). The district court's decision to stay or dismiss an action due to a pending proceeding, however, is discretionary.

---

3. "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

4. "No person shall be deprived of life, liberty or property without due process of law."

*Southwestern Public Service Company v. Thunder Basin Coal Company,* 978 P.2d 1138, 1141 (Wyo.1999). In determining whether there has been an abuse of discretion, we must decide the ultimate issue of whether the court could have reasonably concluded as it did in the situation before it. *Capshaw v. Schieck,* 2002 WY 54, ¶ 13, 44 P.3d 47, ¶ 13 (Wyo.2002); *Vaughn v. State,* 962 P.2d 149, 151 (Wyo.1998). However,

> " '[t]he trial court's exercise of this discretion is subject to searching appellate review and is not given the same deference as is the trial court's exercise of discretion in other contexts. Independent review is justified because the exercise of the trial court's discretion in granting or denying declaratory relief is not dependent upon factors which are difficult for an appellate tribunal to review, such as, for example, factual determinations of credibility.' " *Gaiser v. Village of Skokie,* 271 Ill.App.3d 85, 207 Ill.Dec. 749, 648 N.E.2d 205, 210 (1995) (quoting *Chicago & Eastern Illinois Railroad Company v. Reserve Insurance Co.,* 99 Ill.App.3d 433, 54 Ill.Dec. 564, 425 N.E.2d 429, 432 (1981)).

*Southwestern Public Service Company,* 978 P.2d at 1142.

## DISCUSSION

 [¶ 9] "Standing is a legal concept designed to determine whether a party is sufficiently affected to insure that the court is presented with a justiciable controversy." *Jolley v. State Loan and Investment Board,* 2002 WY 7, ¶ 6, 38 P.3d 1073, ¶ 6 (Wyo.2002). We hold Mr. Heilig was affected in fact by Game and Fish's rules (Chapter 2, Section 12) because he held a hunting license, contributed to the Access Yes Program that helped fund the Walk–In Area Program, and was criminally cited on a designated Walk–In Area for hunting an unauthorized species under the program rules. Game and Fish argues the provisions of Chapter 2, Section 12 were procedural and not substantive and, therefore, Mr. Heilig could not be affected in fact by their application. We cannot abide this argument when the rules set out the allowed species, time, and location of hunting through the Walk–In Area Program. These directives are clearly substantive in nature, and Mr. Heilig had standing to file the declaratory judgment action. However, this determination does not resolve the question of whether the Ninth Judicial District Court properly dismissed the declaratory judgment action.

[¶ 10] "Wyoming has long held that a declaratory judgment action should only be maintained where it would serve a useful purpose." *Morris v. Farmers Insurance Exchange,* 771 P.2d 1206, 1212 (Wyo.1989); *Beatty v. Chicago, B. & Q.R. Co.,* 49 Wyo. 22, 52 P.2d 404, 408 (1935); *Holly Sugar Corporation v. Fritzler,* 42 Wyo. 446, 296 P. 206, 210 (1931); John C. Karjanis, Note, *Basic Misconceptions of the Declaratory Judgment Law,* 12 Wyo. L.J. 66, 71 (1957). In the context of insurance and coverage claims, we clarified the circumstances under which a declaratory judgment action should be dismissed when another similar proceeding is pending:

> "1. The declaratory judgment action was ... intended to be used to force the [other party] to have a 'dress rehearsal' of an issue to be tried in the main case
>
> "2. The holding in the declaratory judgment action might inappropriately collaterally estop the parties to the main action as to certain factual issues
>
> "3. Such a proceeding would unduly burden the [opposing party] and improperly allow ... control of the litigation [to be wrested] from the [initiator of the original action]
>
> "4. Such a declaratory judgment would violate the principle of judicial economy
>
> "5. Such an action would constitute an unwarranted interference with another court's proceedings[.]"

*Morris,* 771 P.2d at 1211 (quoting Allan D. Windt, Insurance Claims and Disputes § 8.04 at 326 (1982) (footnotes omitted));[5] *see also National Chiropractic Mutual Insurance*

---

5. The sixth consideration of the original *Morris* test is not set out because it is tailored solely to the circumstances of an insurance forum.

*Company v. Doe,* 23 F.Supp.2d 1109, 1122 (D.Alaska 1998). Although tandem proceedings are more often seen in the insurance arena, in *Southwestern Public Service Company,* 978 P.2d at 1145, this court specifically declined to limit the application of the *Morris* test "to intrastate actions between an insured and its insurer."

[¶ 11] When the certified questions from the criminal case and the counts of the declaratory judgment action are compared, it is obvious both actions raise the same issues. Applying the *Morris* factors, we can find no other purpose for the declaratory judgment action than as a "dress rehearsal" for the criminal case or to obtain a final judgment from a different forum which would bind the first court. A final judgment in the declaratory judgment action would at least arguably collaterally estop the parties in the main action from litigating the same issues. Further, the declaratory judgment action would take control of the proceedings from the prosecution in the Big Horn County criminal case because neither the prosecutor nor Big Horn County was a party to the Ninth Judicial District declaratory judgment action. Further, asking two district courts to address the same issues violates the principles of judicial economy and results in an unwarranted interference by the Ninth Judicial District Court in the proceedings before both the circuit court and the district court of the Fifth Judicial District.

[¶ 12] Mr. Heilig denies the issues presented before the Fifth and Ninth Judicial Districts are the same. While the language used to frame the issues is not identical, we conclude the same meaning is conveyed and the same relief is requested—a finding that Game and Fish's rules and Atlas were improperly promulgated, unconstitutional, and, therefore, of no force and effect in Mr. Heilig's circumstances. We reject Mr. Heilig's argument as inconsistent with the application of the *Morris* factors and conclude the Ninth Judicial District Court did not abuse its discretion in dismissing the declaratory judgment action. *Southwestern Public Service Company,* 978 P.2d at 1145.

[¶ 13] We anticipate these same issues may be presented to us in an appeal of the criminal action. Regardless, dismissal of this action is necessary to maintain the integrity of the judicial system, discourage redundant actions, and minimize their attendant problems.

[¶ 14] Affirmed.