2012 WY 160

Raymond SANDOVAL, Appellant (Petitioner),

v.

STATE of Wyoming, ex rel., WYOMING DEPARTMENT OF TRANSPORTATION, Appellee (Respondent).

Stacey Nelson, Appellant (Petitioner),

v.

State of Wyoming, ex rel., Wyoming Department of Transportation, Appellee (Respondent).

Stacey L. Nelson and Raymond Sandoval, Appellants (Plaintiffs),

v.

City of Laramie, Appellee (Defendant).

Nos. S–12–0031, S–12–0032, S–12–0073.

Supreme Court of Wyoming.

Dec. 19, 2012.

Representing Appellants in Case Nos. S–12–0031, S–12–0032 and S–12–0073: R. Michael Vang of Fleener & Vang, LLC, Laramie, Wyoming.

Representing Appellee in Case Nos. S–12–0031 and S–12–0032: Gregory A. Phillips, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; Michael T. Kahler, Senior Assistant Attorney General.

Representing Appellee in Case No. S–12–0073: David C. Clark, Laramie City Attorney, Laramie, Wyoming.

Before KITE, C.J., and GOLDEN,* HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

 This opinion encompasses three separate appeals that involve two appellants, but all challenge the same Laramie ordinance. While the appeals have not been consolidated, we join them for the purpose of opinion. The appellants, Raymond Sandoval (Sandoval) and Stacey L. Nelson (Nelson), challenged the validity of Laramie Enrolled Ordinance 1592 in their contested case hearings regarding the suspension of their driver's licenses before the Office of Administrative Hearings (OAH) and in a declaratory judgment action. The district court affirmed the suspension of their driver's licenses and dismissed the petition for declaratory judgment, finding that the claims were not justiciable. We affirm.

## ISSUES

[¶2] 1. Did the OAH hearing examiners err when they determined that the appellants were given the proper Wyoming Implied Consent Advisement and that further advisement regarding a Laramie municipal ordinance was not necessary?

2. Did the district court err when it dismissed the appellants' petition for declaratory judgment after finding they did not raise a justiciable controversy?

## FACTS

 On January 1, 2011, Nelson was arrested for driving while under the influence. Upon Nelson's arrival at the detention center, the officer read him the Wyoming Implied Consent Advisement and he agreed to take a breath test. The results of the test showed that Nelson had a blood alcohol content of .15%. Based upon that result, Nelson

---

* Justice Golden retired effective September 30, 2012.

was charged with his first offense of driving while under the influence (DWUI).

On January 27, 2011, Sandoval was arrested for driving while under the influence. After reading him the Wyoming Implied Consent Advisement, the officer asked him to submit to a chemical test, which Sandoval refused. The officer then read Sandoval the Municipal Court Chemical Test Refusal Advisement, which informed him that he could be charged with a violation of a municipal ordinance for refusing to submit to a chemical test. Sandoval again refused, and was issued a citation for a subsequent offense of driving while under the influence and a citation for refusing to submit to a chemical test.

Nelson and Sandoval each separately requested a contested case hearing with the OAH in order to challenge the suspension of their driver's licenses: Nelson for having a blood alcohol content of .15% and Sandoval for refusing to consent to a chemical test. Although Nelson's and Sandoval's administrative hearings were handled separately, the same arguments were made in each case. They both made several arguments regarding the validity of Laramie Enrolled Ordinance 1592, which makes it a misdemeanor to refuse to submit to a chemical test and enhances the penalties for driving under the influence in violation of the municipal ordinance if a chemical test reveals a blood alcohol content of .15% or higher. They also asserted that they were not properly advised of their rights under the Wyoming implied consent laws because they were not advised of all of the possible criminal implications of a chemical test under Laramie Enrolled Ordinance 1592.

[¶ 6] In each case the OAH determined that it did not have the authority to consider the validity of Laramie Enrolled Ordinance 1592. Instead, the OAH focused on whether the arresting officers had probable cause to arrest Sandoval and Nelson for DWUI, that they were given the proper implied consent advisements, and whether Sandoval refused to consent to the chemical test and whether Nelson's blood alcohol content exceeded .08%. Both appellants stipulated that the officers had probable cause to arrest them for DWUI, that they were arrested for DWUI, and that Sandoval refused to take a chemical test and that Nelson submitted to a test and his blood alcohol content exceeded .08%. In each case, the appellants also admitted, and the OAH specifically determined, that the officers gave the appellants the proper implied consent advisements pursuant to Wyo. Stat. Ann. § 31–6–102 (LexisNexis 2009). However, the OAH concluded that additional advisements regarding the criminal implications of Laramie Enrolled Ordinance 1592 were not required, and upheld the suspension of the appellants' driver's licenses.

The appellants each appealed the OAH orders to the district court. The district court agreed that the OAH did not have the authority to consider the appellants' constitutional issues regarding the validity of Laramie Enrolled Ordinance 1592. The district court also determined that the OAH's decisions that both appellants were given the required implied consent advisements were supported by substantial evidence, and that advisements regarding the Laramie municipal ordinance, which dealt with criminal penalties, were unnecessary.

[¶ 8] While the appellants' appeals were pending in the district court, they, along with two other individuals who are no longer parties to this action, also filed a request for declaratory relief with the district court, pursuant to Wyo. Stat. Ann. § 1–37–103 (LexisNexis 2011). They requested that the district court declare that Laramie Enrolled Ordinance 1592 is unenforceable, arguing it is preempted by state law, vague and ambiguous, overly broad and affects protected behavior, and is unconstitutional. The district court dismissed the action on the basis that the appellants failed to raise a justiciable controversy. The district court explained that the appellants were charged criminally for the actions leading to their arrests and that the appropriate forum for them to pursue a remedy from the ordinance would be through the appeal of their criminal convictions.[1]

---

1. Although not pertinent to our analysis, it is of interest to note that Nelson was not convicted of

## DISCUSSION

***Did the OAH hearing examiners err when they determined that the appellants were given the proper Wyoming Implied Consent Advisement and that further advisement regarding a Laramie municipal ordinance was not necessary?***

The appellants have both filed appeals challenging the OAH's decisions to uphold the suspension of their driver's licenses: Nelson for having a blood alcohol content exceeding .08% and Sandoval for refusing to submit to a chemical test. While the briefs are not complete carbon copies of each other, the issues raised by each appellant are the same and will, therefore, be discussed and analyzed together. We must begin by recognizing that both appellants have raised several issues in their appeals regarding the constitutionality and validity of Laramie Enrolled Ordinance 1592. In both instances, the OAH determined that it did not have the statutory authority to consider those claims and limited its decisions to the claims properly brought before it. Although the appellants have now raised those issues before this Court, they readily concede that the OAH did not have the "jurisdiction and authority" to determine the validity of Laramie Enrolled Ordinance 1592. This Court's authority to review the agency's action is similarly limited and, thus, this Court will not consider the constitutionality and validity of Laramie Enrolled Ordinance 1592 when reviewing the OAH's decision. *See Escarcega v. State ex rel. Wyo. Dep't of Transp.*, 2007 WY 38, ¶ 22, 153 P.3d 264, 270 (Wyo.2007). Instead, there is one issue for this Court to determine: Whether the OAH correctly determined that the appellants were advised properly under the Wyoming implied consent statute and further advisements regarding the municipal ordinance were not necessary.

[¶ 10] When we review an administrative agency's decision, no deference shall be given to a district court's review of the agency's decision and "we review the case as if it had come directly to us from the administrative agency." *Dale v. S & S Builders, LLC*, 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo.2008) (quoting *Newman v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2002 WY 91, ¶ 7, 49 P.3d 163, 166 (Wyo.2002)). The appellants do not raise any factual or evidentiary issues but, instead, are asking us to interpret Wyoming's implied consent law. "We review questions of statutory interpretation *de novo.*" *Escarcega*, 2007 WY 38, ¶ 7, 153 P.3d at 267 (emphasis added). "We will affirm an agency's legal conclusion only if it is in accordance with the law." *Dale*, 2008 WY 84, ¶ 26, 188 P.3d at 562 (quoting *Diamond B Servs., Inc. v. Rohde*, 2005 WY 130, ¶ 12, 120 P.3d 1031, 1038 (Wyo.2005)).

[¶ 11] At the time the appellants were arrested, Wyoming law provided that every driver was deemed to have consented to a chemical test if arrested for driving while under the influence.[2] To refuse consent to a chemical test would result in the loss of one's driving privileges for six months. The implied consent statute stated:

(a) If arrested for an offense as defined by W.S. 31–5–233:

(i) any person who drives or is in actual physical control of a motor vehicle upon a public street or highway in this state is deemed to have given consent, subject to the provisions of this act, to a chemical test or tests of his blood, breath or urine for the purpose of determining the alcohol concentration or controlled substance content of his blood.

---

aggravated driving while under the influence and, instead, was granted "first offender treatment" under Wyo. Stat. Ann. § 7–13–301 (LexisNexis 2011). Sandoval was convicted of driving while under the influence and refusing to submit to a chemical test, and appealed those convictions to the district court. The district court determined that the portion of Laramie Enrolled Ordinance 1592 that makes it a crime to refuse one's consent to a chemical test was preempted by state law and, therefore, invalid.

2. In July 2011, significant changes to Wyoming's implied consent laws took effect. *See* Wyo. Stat. Ann. § 31–6–102 (LexisNexis 2011). However, because the appellants were arrested before the effective date of the changes, the implied consent law at the time of the arrest applies. Therefore, we will limit our discussion to the laws that applied before July 2011.

. . . .

(ii) For tests required under this act, the arrested person shall be advised that:

(A) His failure to submit to all required chemical tests requested by the peace officer shall result in the suspension of his Wyoming driver's license or his privilege to operate a motor vehicle for a period of six (6) months for a first offense or eighteen (18) months for a second or subsequent offense . . . .

(B) If a test is taken and the results indicate the person is under the influence of alcohol or a controlled substance, he may be subject to criminal penalties, his Wyoming Driver's license or his privilege to operate a motor vehicle shall be suspended for ninety (90) days and he may be required to drive only vehicles equipped with an ignition interlock device[.]

Wyo. Stat. Ann. § 31–6–102(a) (LexisNexis 2009).

[¶ 12] If an individual's driver's license is suspended for the reasons outlined in Wyo. Stat. Ann. § 31–6–102(a), he has the right to request a hearing with the OAH pursuant to Wyo. Stat. Ann. § 31–6–103. That statute sets forth specifically what the OAH is to consider at a contested case hearing:

(b) The scope of a hearing for the purposes of this act shall cover the issues of whether a peace officer had probable cause to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon a public street or highway in this state in violation of W.S. 31–5–233(b) or any other law prohibiting driving under the influence as defined by W.S. 31–5–233(a)(v), whether the person was placed under arrest, whether he refused to submit to a test upon request of the peace officer or if he submitted to a test whether the test results indicated that the person had an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, and whether, except for the persons described in this act who are incapable of refusing, he had been given the advisements required by W.S. 31–6–102(a)(ii). At the conclusion of the hearing, the hearing examiner shall order that

the suspension either be rescinded or sustained.

Wyo. Stat. Ann. § 31–6–103(b) (LexisNexis 2009).

[¶ 13] In both instances at issue here, the OAH orders upholding the appellants' driver's license suspensions make it clear that the factors in Wyo. Stat. Ann. § 31–6–103(b) were scrutinized. In both cases, the OAH found that the appellants stipulated that the certified record showed that the officers had reasonable suspicion to make the initial contact with the appellants, probable cause to arrest them for DWUI, that Sandoval refused to submit to a chemical test, and that Nelson submitted to a chemical test which yielded a result above .08%. The appellants are not challenging the OAH's findings regarding the stipulated factors.

[¶ 14] Instead, they focus on the OAH's findings that the appellants were given the proper implied consent advisement before they either refused or consented to the chemical test. Even to that extent, the appellants do not seem to argue that the OAH's findings that the officers advised the appellants in accordance with Wyo. Stat. Ann. § 31–6–102(a)(ii) were incorrect. Their arguments focus on whether the advisements should have contained the additional information regarding the criminal sanctions imposed by Laramie Enrolled Ordinance 1592. We find that advisement of the municipal ordinance was not necessary.

[¶ 15] As the OAH examiners correctly recognized in both cases, the suspension of one's driver's license is a civil proceeding, whereas the penalties imposed in Laramie Enrolled Ordinance 1592 are criminal in nature and have nothing to do with the suspension of a driver's license. Further, the suspension of a driver's license is governed only by state statute, the Wyoming legislature was specific in what information was required in an implied consent advisement, and information regarding municipal sanctions was not included in the required advisements. *See* Wyo. Stat. Ann. § 31–6–102(a)(ii) (LexisNexis 2009). Additionally, the scope of the hearing conducted by the OAH is outlined in detail in Wyo. Stat. Ann.

§ 31–6–103(b). The hearing examiner must consider four factors, one of which is whether the appellants "had been given the advisements required by W.S. 31–6–102(a)(ii)." Wyo. Stat. Ann. § 31–6–103(b). Here, the appellants do not dispute they were advised pursuant to Wyo. Stat. Ann. § 31–6–102(a)(ii) and the record also clearly supports that fact. Wyoming law does not require peace officers to give further advisements depending upon municipal ordinances and does not authorize the OAH to consider municipal ordinances when determining whether to rescind or sustain a driver's license suspension. Therefore, we affirm the orders from the OAH upholding the appellants' driver's license suspensions.

### Did the district court err when it dismissed the appellants' petition for declaratory judgment after finding they did not raise a justiciable controversy?

■ [¶ 16] While their driver's license suspension appeals were pending before the district court and Sandoval was awaiting trial for the criminal charges against him in municipal court, the appellants jointly filed a request for declaratory relief. The appellants requested that the district court find Laramie Enrolled Ordinance 1592 unenforceable because "it is preempted by state law, is vague and ambiguous, is overly broad and effects [sic] protected behavior, and violates the [appellants'] constitutional rights and statutory privileges[.]" Without considering the merits of the request for declaratory relief, the district court dismissed that action, finding that the appellants failed to present a justiciable controversy. The district court recognized that the appellants had been charged with crimes pursuant to Laramie Enrolled Ordinance 1592 and, therefore, the appeal of their criminal convictions was the proper venue to challenge the validity of the ordinance. The appellants now appeal that finding to this Court.[3]

[¶ 17] We have previously stated that our standard of review regarding the justiciability of an action is as follows:

> In a *de novo* review of the threshold question of jurisdiction, "we examine the policies underlying both the Uniform Declaratory Judgments Act and the doctrine of justiciability to determine if this is a proper case for judicial action." *Reiman Corp. v. City of Cheyenne*, 838 P.2d 1182, 1185 (Wyo.1992). The district court's decision to stay or dismiss an action due to a pending proceeding, however, is discretionary.

*Southwestern Public Service Company v. Thunder Basin Coal Company*, 978 P.2d 1138, 1141 (Wyo.1999). In determining whether there has been an abuse of discretion, we must decide the ultimate issue of whether the court could have reasonably concluded as it did in the situation before it. *Capshaw v. Schieck*, 2002 WY 54, ¶ 13, 44 P.3d 47, ¶ 13 (Wyo.2002); *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998). However,

> " '[t]he trial court's exercise of this discretion is subject to searching appellate review and is not given the same deference as is the trial court's exercise of discretion in other contexts. Independent review is justified because the exercise of the trial court's discretion in granting or denying declaratory relief is not dependent upon factors which are difficult for an appellate tribunal to review, such as, for example, factual determinations of credibility.' " *Gaiser v. Village of Skokie*, 271 Ill.App.3d 85, 207 Ill.Dec. 749, 648 N.E.2d 205, 210 (1995) (quoting *Chicago & Eastern Illinois Railroad Company v. Reserve Insurance Co.*, 99 Ill.App.3d 433, 54 Ill.Dec. 564, 425 N.E.2d 429, 432 (1981)).

*Southwestern Public Service Company*, 978 P.2d at 1148 [1141–42].

*Heilig v. Wyo. Game & Fish Comm'n*, 2003 WY 27, ¶ 8, 64 P.3d 734, 737–38 (Wyo.2003).

■ [¶ 18] Pursuant to Wyo. Stat. Ann. § 1–37–103 (LexisNexis 2011):

**3.** The appellants also request that this Court consider the merits of their request for declaratory relief. As mentioned above, the district court did not consider the merits of their request. Therefore, that claim is not properly before this Court and we refuse to consider it.

Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordinance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations.

We have developed a four-part test to be used to determine whether a party presents a proper, or justiciable, controversy in a declaratory judgment action:

1. The parties have existing and genuine, as distinguished from theoretical, rights or interests.

2. The controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument evoking a purely political, administrative, philosophical or academic conclusion.

3. It must be a controversy the judicial determination of which will have the force and effect of a final judgment in law or decree in equity upon the rights, status or other legal relationships of one or more of the real parties in interest, or, wanting these qualities to be of such great and overriding public moment as to constitute the legal equivalent of all of them.

4. The proceedings must be genuinely adversary in character and not a mere disputation, but advanced with sufficient militancy to engender a thorough research and analysis of the major issues.

*William F. West Ranch, LLC v. Tyrrell,* 2009 WY 62, ¶ 12, 206 P.3d 722, 727 (Wyo. 2009). Although a party may bring an action, we have "long held that a declaratory judgment action should only be maintained where it would serve a useful purpose." *Heilig,* 2003 WY 27, ¶ 10, 64 P.3d at 738 (quoting *Morris v. Farmers Ins. Exch.,* 771 P.2d 1206, 1212 (Wyo.1989)). Further, "a declaratory judgment action is not a substitute for an appeal." *Ten Broek v. Cnty. of Washakie,* 2003 WY 164, ¶ 8, 82 P.3d 269, 273 (Wyo.2003) (quoting *Rocky Mountain Oil &* *Gas Ass'n v. State,* 645 P.2d 1163, 1168 (Wyo. 1982)).

[¶ 19] We find our holding in *Heilig* to be directly on point. In *Heilig,* the appellant was charged with a misdemeanor for hunting on private property without the landowner's permission. 2003 WY 27, ¶ 4, 64 P.3d at 736. The appellant filed a motion to dismiss the criminal action, claiming that the Game and Fish's rules and regulations were void because they were unconstitutional and improperly promulgated. *Id.* at ¶ 5, 64 P.3d at 736. The circuit court denied the motion and the appellant entered a conditional guilty plea, but also appealed the denial of the motion to the Fifth Judicial District Court. *Id.* The parties also filed a joint motion requesting that specific questions regarding the Game and Fish rules be certified to the Fifth Judicial District Court. *Id.* However, before the circuit court denied the motion to dismiss, the appellant filed a declaratory judgment action in the Ninth Judicial District Court, seeking relief from the same rules and regulations he challenged in the criminal action. *Id.* at ¶ 6, 64 P.3d at 736.

[¶ 20] In analyzing whether the Ninth Judicial District Court's dismissal of the request for declaratory judgment was proper, we reiterated five factors that favor a restricted use of a declaratory judgment action when a proceeding based upon the same facts and circumstances is already pending:

"1. The declaratory judgment action was ... intended to be used to force the [other party] to have a 'dress rehearsal' of an issue to be tried in the main case

"2. The holding in the declaratory judgment action might inappropriately collaterally estop the parties to the main action as to certain factual issues

"3. Such a proceeding would unduly burden the [opposing party] and improperly allow ... control of the litigation [to be wrested] from the [initiator of the original action]

"4. Such a declaratory judgment would violate the principle of judicial economy

"5. Such an action would constitute an unwarranted interference with another court's proceedings[.]"

*Id.* at ¶ 7, 64 P.3d at 738 (quoting *Morris,* 771 P.2d at 1211). When applying these factors, we found that the certified questions from the criminal case and the issues in the declaratory judgment action were the same; thus, we concluded that there was "no other purpose for the declaratory judgment action than as a "dress rehearsal" for the criminal case or to obtain a final judgment from a different forum which would bind the first court." *Heilig,* 2003 WY 27, ¶ 11, 64 P.3d at 739.

[¶ 21] The same is true in this case. The appellants were charged criminally for violating particular sections of Laramie Enrolled Ordinance 1592 and they properly could challenge the validity of the charges, and ultimately their convictions, under the ordinance in the criminal proceedings and in their appeals. While Nelson received first offender status, he could have challenged the ordinance before he entered his plea and appealed an adverse ruling, just as occurred in *Heilig.* Sandoval apparently did challenge the ordinance in municipal court and then later appealed his conviction to the district court. As a result of the appeal, the district court found that the portion of Laramie Enrolled Ordinance 1592 that applied to Sandoval was, in fact, invalid. The declaratory judgment action that was filed while the criminal actions were still pending was a "dress rehearsal" for the criminal cases and inappropriately could have collaterly estopped the city from attempting to prosecute the appellants in what was, at the time, a proper prosecution. Further, the declaratory judgment action would have violated the principle of judicial economy because the exact issues were already being litigated in the criminal proceeding, and to go forward with the declaratory judgment action would have interfered with the municipal court's authority and the district court's authority as appellate court. Therefore, applying the factors from *Heilig,* it is apparent that the claims in the declaratory judgment action were not proper and justiciable, and the district court properly dismissed the appellants' petition.

[¶ 22] Further, we find the appellants' argument that the declaratory judgment action was the only appropriate forum to challenge the validity of the ordinance because the OAH did not have the authority to consider its validity to be wholly unpersuasive. As the OAH, the district court, and this Court have all found, Laramie Enrolled Ordinance 1592 dealt only with criminal offenses and penalties. Nothing in the ordinance had any effect whatsoever on the nature of the driver's license suspension proceedings against the appellants. Instead, the issues raised by the appellants were ripe for decision in the criminal proceedings.

## CONCLUSION

[¶ 23] The OAH examiners appropriately found that Laramie Enrolled Ordinance 1592 did not change the nature of the advisements law enforcement officers are required to provide an individual pursuant to Wyoming's implied consent statutes. Consequently, the OAH also properly upheld the appellants' driver's license suspensions. Additionally, the district court did not err when it dismissed the appellants' petition for declaratory relief. The appellants failed to present the district court with a justiciable claim and the district court correctly concluded that the issues presented in the petition should have been brought in the appellants' criminal proceedings. Affirmed.