# IN THE SUPREME COURT, STATE OF WYOMING

## 2020 WY 19

OCTOBER TERM, A.D. 2019

February 12, 2020

RICKY D. JOHNSON,

Appellant
(Plaintiff),

v.

STATE OF WYOMING ex rel., WYOMING
DEPARTMENT OF TRANSPORTATION,

Appellee
(Defendant).

S-19-0169

*Appeal from the District Court of Park County*
*The Honorable Bill Simpson, Judge*

*Representing Appellant:*
>Stephen J. Darrah, Darrah Law Office, P.C., Powell, Wyoming; R. Michael Vang, R. Michael Vang, P.C., Laramie, Wyoming.

*Representing Appellee:*
>Bridget L. Hill, Attorney General; Misha Westby, Deputy Attorney General; Michael T. Kahler, Senior Assistant Attorney General.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    Ricky D. Johnson argued before the Office of Administrative Hearings (OAH) that a Powell police officer violated his statutory and substantive due process right to an independent blood test after he was arrested for driving while under the influence of alcohol.  The OAH determined the facts did not support his claim, and Mr. Johnson appealed the decision to the district court.  While that appeal was pending, Mr. Johnson filed a declaratory judgment action in the same court arguing that the OAH, and therefore the district court on appeal, did not have jurisdiction to decide his claim.  The district court dismissed Mr. Johnson's declaratory judgment action.  Mr. Johnson appeals that dismissal, and we affirm.

## ISSUES

[¶2]    We restate the issues as follows:

>  1.    Did the OAH have jurisdiction over Mr. Johnson's administrative proceeding?
>
>  2.    Did the district court abuse its discretion when it found Mr. Johnson's declaratory judgment action did not serve a useful purpose and dismissed it?

## FACTS

[¶3]    On May 26, 2018, Officer Hite of the Powell Police Department arrested Mr. Johnson for driving while under the influence.  Mr. Johnson consented to the breathalyzer test on the condition that he receive an independent blood test.  Officer Hite transported Mr. Johnson to the Powell Valley Health Care Emergency Room.  Here, the parties' versions of events diverge.  Mr. Johnson argues Officer Hite prevented him from receiving the requested blood test at the hospital.  Relying on Officer Hite's report, the Wyoming Department of Transportation (the Department) argues that once at the hospital, Mr. Johnson requested a blood test to take home and the hospital staff informed him there were no blood tests available to take home with him.  Mr. Johnson explained that he thought the police needed a blood test, but when a sergeant present told him the police did not need a blood kit for their evidence, he decided he did not want the blood test.

[¶4]    The officer performed a chemical breath test in accordance with the Department regulations, which reflected a BAC over .08.  As a result, Mr. Johnson was issued a Suspension Order for his driver's license.  He timely requested a contested case hearing in front of the OAH.  During the contested case hearing, Mr. Johnson raised three issues, only one of which is relevant here: whether Officer Hite denied Mr. Johnson the ability to obtain a blood test at his own expense as permitted by Wyo. Stat. Ann. § 31-6-102(a)(ii)(C).  The

1

OAH determined it had jurisdiction to decide all of Mr. Johnson's issues. At the contested case hearing, the hearing officer heard evidence from Mr. Johnson that Officer Hite denied him the right to an independent blood test. The hearing officer, however, gave greater weight to the version of events described in Officer Hite's police report and found that Officer Hite did not deprive Mr. Johnson of his right to an independent blood test. Accordingly, the OAH determined that the Department proved all the elements to uphold the suspension under Wyo. Stat. Ann. § 31-6-102(e). Mr. Johnson appealed the administrative decision to the district court.

[¶5] He also filed a separate declaratory judgment action in the same district court asking that the court declare that "law enforcement violated [Mr. Johnson]'s statutory and substantive due process rights to independent testing." The Department filed a Motion to Dismiss the declaratory judgment action pursuant to Wyoming Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the district court granted the motion to dismiss. Mr. Johnson timely appealed.[1]

## DISCUSSION

[¶6] The district court applied the test set forth in *Heilig v. Wyoming Game and Fish Comm'n*, 2003 WY 27, 64 P.3d 734 (Wyo. 2003), to determine Mr. Johnson's declaratory judgment action served no useful purpose and should therefore be dismissed. It concluded that the issue in the declaratory judgment action is the same or substantially similar to the issue in the administrative appeal and that allowing the declaratory judgment action to proceed would collaterally estop the administrative appeal and give Mr. Johnson two bites at the apple. *Id.* at ¶ 10, 64 P.3d at 738. Mr. Johnson argues that *Heilig* is inapplicable because the OAH did not have jurisdiction to decide his statutory and substantive due process claim. If the OAH lacked jurisdiction, he contends, dismissal under *Heilig* is improper because the declaratory judgment action is the only remedy available to him. We therefore first examine the OAH's jurisdiction.

## I. The OAH had jurisdiction over Mr. Johnson's administrative proceeding

[¶7] As Mr. Johnson correctly asserts, the OAH review of driver's license suspensions is "statutorily prescribed and limited." *Regan v. State, ex rel., Wyoming Dep't of Transp.*, 2012 WY 161, ¶ 21, 292 P.3d 849, 854 (Wyo. 2012). The scope of a hearing for purposes of determining a driver's license suspension is governed by Wyo. Stat. Ann. § 31-6-103(b) (LexisNexis 2019) which limits the OAH's review to:

> [1] whether a peace officer had probable cause to believe the arrested person had been driving or was in actual physical control of a motor vehicle upon a public street or highway in

---

[1] The appeal of the administrative decision is stayed pending the results of this appeal.

2

this state in violation of W.S. 31-5-233(b) or any other law prohibiting driving under the influence as defined by W.S. 31-5-233(a)(v), [2] whether the person was placed under arrest, or if a test was administered, [3] whether the test results indicated that the person had an alcohol concentration of eight one-hundredths of one percent (0.08%) or more, and [4] whether, except for the persons described in this act who are incapable of cooperating with the administration of the test, he had been given the advisements required by W.S. 31-6-102(a)(ii).

[¶8]    Mr. Johnson argues that his right to an independent blood test does not fall within one of the limited issues the OAH is statutorily authorized to decide. Rather, he believes his issue is comparable to the one we addressed in *Escarcega v. State, ex rel., Wyoming Dep't of Transp.*, 2007 WY 38, 153 P.3d 264 (Wyo. 2007). There, Mr. Escarcega was arrested for DWUI while driving his personal vehicle. *Id*. at ¶ 4, 153 P.3d at 266. Mr. Escarcega refused additional chemical testing, even after the officer read the implied consent statute and informed him that refusing to submit to the testing would result in the loss of his privilege to operate a motor vehicle. *Id*. The Department suspended his license for six months and disqualified his Commercial Driver's License (CDL) for one year. *Id.* at ¶ 5, 153 P.3d at 267. Mr. Escarcega requested a contested case hearing arguing that the officer did not warn him that his CDL would be affected. *Id*. The OAH upheld the suspension and the disqualification. *Id*. Like Mr. Johnson, on appeal, Mr. Escarcega, "[p]erhaps realizing the serious difficulty of arguing non-compliance with the statutory scheme where the warnings given [] fulfilled the statutory requirement to the letter, [] attempt[ed] to raise the issue of due process." *Id*. at ¶ 22, 153 P.3d at 270. We held that neither the district court, nor this Court, has the authority "in an administrative agency appeal to address a petition for review regarding the constitutionality of a statute." *Id*. We held that the proper vehicle for such a complaint is a declaratory judgment action. *Id.*

[¶9]    Our holding in *Escarcega* informed our decisions in two Laramie implied consent municipal ordinance cases. *Regan*, 2012 WY 161, 292 P.3d 849; *Walters v. State, ex rel., Wyoming Dep't of Transp.*, 2013 WY 59, 300 P.3d 879 (Wyo. 2013). In both cases, the appellants raised constitutional challenges to the implied consent advisements because the advisements included the increased penalty of mandatory jail time for refusing a chemical test under the Laramie ordinance. *Regan*, 2012 WY 161, ¶¶ 18-23, 292 P.3d at 853-55; *Walters*, 2013 WY 59, ¶ 21, 300 P.3d at 885. The appellants argued that the imposition of mandatory jail time for refusal represented a critical stage in the proceedings and that they were entitled to an attorney. *Regan*, 2012 WY 161, ¶ 18, 292 P.3d at 853; *Walters*, 2013 WY 59, ¶ 22, 300 P.3d at 885. The OAH determined it did not have jurisdiction to rule on the constitutionality of the statute and this Court agreed. *Regan*, 2012 WY 161, ¶ 21, 292 P.3d 854 ("The OAH ruled that [appellants] were each given the advisements required by Wyo. Stat. Ann. § 31–6–102(a)(ii), and the appellants do not contest that they were given those advisements. The OAH therefore ruled in accordance with the law and evidence in

3

finding that the statutorily required implied consent advisements were given."); *Walters*, 2013 WY 59, ¶ 22, 300 P.3d at 885 ("Ms. Walters claims that she 'had the right . . . to an attorney as soon as she was told that her choice of submitting to a chemical test would result in a possible minimum mandatory jail sentence.' . . . [T]his claim was not and could not have been brought before the OAH examiner under § 31-6-103(b).").

[¶10] The law is clear that administrative agencies have no authority to rule on the constitutionality of statutes, which is what the OAH was asked to do in *Escarcega*, *Regan*, and *Walters*. *Escarcega*, 2007 WY 38, ¶ 22, 153 P.3d at 270-71 (citing *Riedel v. Anderson (In re Conflicting Lease Applications)*, 972 P.2d 586 (Wyo. 1999)); *Regan*, 2012 WY 161, ¶¶ 22-23, 292 P.3d at 854-55; *Walters*, 2013 WY 59, ¶ 21, 300 P.3d at 884-85. In contrast, Mr. Johnson does not challenge the constitutionality of the statute. Rather, he challenges the OAH's factual determination that the arresting officer did not interfere with his rights under the statute.[2]

[¶11] Mr. Johnson is correct that Wyo. Stat. Ann. § 31-6-103(b) does not expressly authorize the OAH to make a factual determination about whether Officer Hite interfered with his right to an independent blood test. *See* Wyo. Stat. Ann. § 31-6-103(b). However, the determination of that fact issue is within the OAH's implied authority. "[W]e have long held that administrative agencies have certain implied powers necessary to fulfillment of their statutory purposes. Of course, those implied powers are only those derived by necessary implication from express statutory authority granted to the agency." *Voss v. Goodman*, 2009 WY 40, ¶ 11, 203 P.3d 415, 420 (Wyo. 2009), *superseded on other grounds by statute*, Wyo. Stat. Ann. § 24-9-101(e), (h) (2011) *as recognized in Whaley v. Flitner Ltd. P'ship*, 2017 WY 59, ¶ 20, 395 P.3d 653, 660 (Wyo. 2017) (citing *BP Am. Prod. Co. v. Dep't of Revenue*, 2006 WY 27, ¶ 28, 130 P.3d 438, 466-67 (Wyo. 2006)). The OAH's factual determination that Mr. Johnson was not deprived of his right to an independent blood test derives by necessary implication from the express statutory authority to determine "whether the test results indicated that the person had an alcohol concentration of eight one-hundredths of one percent (0.08%) or more." Wyo. Stat. Ann. § 31-6-103(b); *See Romsa v. State, ex rel., Wyoming Dep't of Transp.*, 2012 WY 146, ¶¶ 51-52, 288 P.3d 695, 707 (Wyo. 2012) (finding that the officer performed the breath test in accordance with regulations and upholding Implied Consent Suspension and affirming

---

[2] At times, Mr. Johnson attempts to reframe the issue on appeal as whether Wyo. Stat. Ann. § 31-6-102(a)(ii)(C) granted him a statutory and due process right to an independent blood test. To the extent Mr. Johnson claims he is entitled to declaratory relief on the question of whether the statute grants him a statutory and due process right, we conclude that his claim is not justiciable. The Department does not dispute that such a right exists. Thus, that question does not present a justiciable controversy. *See Brimmer v. Thomson*, 521 P.2d 574, 578 (Wyo. 1974) ("[T]he proceedings must be genuinely adversary in character and not a mere disputation, but advanced with sufficient militancy to engender a thorough research and analysis of the major issues. Any controversy lacking these elements becomes an exercise in academics and is not properly before the courts for solution."). In reaching this decision, this Court need not, and does not, decide whether the statute grants a due process right to an independent blood test. For purposes of the *Brimmer* test, it is enough that the parties agree one exists.

4

the OAH decision); *Colyer v. State, Dep't of Transp.*, 2009 WY 43, ¶ 26, 203 P.3d 1104, 1111 (Wyo. 2009) (upholding the Implied Consent Suspension and affirming the OAH's decision).

[¶12] *Escarcega*, *Regan*, and *Walters* required a separate declaratory judgment action because they challenged the constitutionality of a statute. In contrast, Mr. Johnson does not challenge the constitutionality of a statute but only asserts that the law enforcement officer did not comply with the law. It is within the OAH's authority to make that factual determination.

## II. *The district court did not abuse its discretion in dismissing Mr. Johnson's declaratory judgment action*

[¶13] Having concluded the OAH had jurisdiction to decide the factual question of whether Officer Hite denied Mr. Johnson the opportunity to receive an independent blood test, we turn to the district court's decision to dismiss the declaratory judgment action. The district court reasoned that the same issue is pending in the administrative appeal and found the tandem declaratory judgment action failed the *Heilig* test. *Heilig*, 2003 WY 27, ¶ 8, 64 P.3d at 737. *See also Williams v. State ex rel. Univ. of Wyoming Bd. of Tr.*, 2019 WY 90, ¶¶ 11-29, 448 P.3d 222, 227-33 (Wyo. 2019). We review a district court's decision to dismiss an action due to a pending proceeding under an abuse of discretion standard. *Heilig*, 2003 WY 27, ¶ 8, 64 P.3d at 737. However,

> [t]he trial court's exercise of this discretion is subject to searching appellate review and is not given the same deference as is the trial court's exercise of discretion in other contexts. Independent review is justified because the exercise of the trial court's discretion in granting or denying declaratory relief is not dependent upon factors which are difficult for an appellate tribunal to review.

*Sandoval v. State, ex rel., Wyoming Dep't of Transp.*, 2012 WY 160, ¶ 17, 291 P.3d 290, 295 (Wyo. 2012) (quoting *Heilig*, 2003 WY 27, ¶ 8, 64 P.3d at 738) (quotation marks omitted).

[¶14] "Wyoming has long held that a declaratory judgment action should only be maintained where it would serve a useful purpose." *Heilig*, 2003 WY 27, ¶ 10, 64 P.3d at 738 (citing *Morris v. Farmers Ins. Exchange*, 771 P.2d 1206, 1212 (Wyo. 1989)); *Beatty v. Chicago, B & Q. R. Co.*, 49 Wyo. 22, 52 P.2d 404, 408 (1935); *Holly Sugar Corporation v. Fritzler*, 42 Wyo. 446, 296 P. 206, 210 (1931); *see also Williams*, 2019 WY 90, ¶¶ 11-29, 448 P.3d at 227-33. We adopted the following test to determine if a declaratory judgment action should be dismissed when a similar proceeding is pending:

1. The declaratory judgment action was intended to be used to force the other party to have a dress rehearsal of an issue to be tried in the main case

2. The holding in the declaratory judgment action might inappropriately collaterally estop the parties to the main action as to certain factual issues

3. Such a proceeding would unduly burden the opposing party and improperly allow control of the litigation to be wrested from the initiator of the original action

4. Such a declaratory judgment would violate the principle of judicial economy

5. Such an action would constitute an unwarranted interference with another court's proceedings.

*Williams*, 2019 WY 90, ¶ 14, 448 P.3d at 228 (citing *Heilig*, 2003 WY 27, ¶ 10, 64 P.3d at 738); *see also Sandoval*, 2012 WY 160, ¶ 18, 291 P.3d at 296; *Morris*, 771 P.2d at 1211.

[¶15]  In *Heilig*, the appellant brought a declaratory judgment action challenging certain Wyoming Game and Fish regulations as invalid.  2003 WY 27, ¶ 1, 64 P.3d at 735.  At the same time, the State was prosecuting Mr. Heilig for violating the same regulations he sought to challenge.  *Id*.  The district court dismissed Mr. Heilig's declaratory judgment action and we affirmed the dismissal, though on different grounds.  *Id*.  We looked at the history of tandem proceedings and the test used to determine whether the declaratory judgment action "serve[d] a useful purpose."  *Id*. at ¶ 10, 64 P.3d at 738-39.  We found that, while tandem proceedings are seen most frequently in the insurance context, "this court specifically declined to limit the [useful purpose] test 'to intrastate actions between an insured and its insurer.'"  *Id*. at ¶ 10, 64 P.3d at 739.  We applied the useful purpose test to Mr. Heilig's case and determined that there was no purpose for the declaratory judgment action other than "as a 'dress rehearsal' for the criminal case or to obtain a final judgment from a different forum which would bind the first court."  *Id.* at ¶ 11, 64 P.3d at 739.

[¶16]  Applying the *Heilig* factors to the instant case, the issue Mr. Johnson presented to the district court in his petition for declaratory judgment is identical to the issue raised in the administrative appeal.  We find no other purpose for the declaratory judgment action other than as a dress rehearsal for the administrative appeal.  A final judgment in the declaratory judgment action would, arguably, collaterally estop the district court in the administrative appeal.  Further, litigating the same issue in two separate proceedings violates the principle of judicial economy.  "[D]ismissal of this action is necessary to maintain the integrity of the judicial system, discourage redundant actions, and minimize

6

their attendant problems." *Heilig*, 2003 WY 27, ¶ 13, 64 P.3d at 739.  For these reasons, we find the district court did not abuse its discretion in dismissing the declaratory judgment action, and we affirm.